Owen K. WOODARD,
Claimant/Appellant,

v.

SMITHKLINE BEECHAM/QUEST,
Employer/Respondent.

No. ED 77685.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 24, 2000.

Owen K. Woodard, St. Louis, pro se.

Smithkline Beecham, St. Louis, pro se.

Alan J. Downs, St. Louis, for respondent Missouri Department of Labor and Industrial Relations, Division of Employment Security.

Before MARY K. HOFF, C.J., KATHIANNE KNAUP CRANE, J. and CHARLES B. BLACKMAR, Sr.J.

PER CURIAM.

■ Claimant, Owen K. Woodard, appeals from an order of the Labor and Industrial Relations Commission affirming the decision of the Appeals Tribunal. We dismiss the appeal for substantial failure to comply with Rule 84.04.

■ Claimant appeals to this court pro se. Pro se appellants are held to the same standards as attorneys and must comply with Supreme Court rules, including Rule 84.04, which sets out the requirements for appellate briefs. *Coyne v. Coyne*, 17 S.W.3d 904, 905–06, 907 (Mo.App.2000).

■ Claimant has failed to comply with Rule 84.04 so substantially that his appeal is unreviewable. The brief does not have a table of contents that complies with Rule 84.04(a)(1) and it does not have a jurisdictional statement that sets forth facts that demonstrate proper jurisdiction in this court, in violation of Rule 84.04(b). The statement of facts has no references to the record, in violation of Rule 84.04(i). The Points Relied On consist only of a quoted portion of a statute and a series of bulleted factual statements. They are not numbered, do not identify the administrative ruling or action claimant challenges, do not state concisely the legal reasons for claimant's claim of reversible error, or explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error and make no attempt to follow the form set out in Rule 84.04(d)(2). In addition, these points are not followed by any citation of authorities as required by Rule 84.04(d)(5). Most importantly, these points do not inform the court of the issues claimant wants resolved. In addition, the argument fails to comply with Rule 84.04(e). Only the first sentence of the Points Relied On, which consists merely of a quoted portion of a statute, precedes the one-page argument. The argument does not contain a statement of the applicable standard of review. Further, the argument does not present any legal analysis supporting a claim of reversible error. "If a party fails to support a contention ... with argument beyond conclusions, the point is considered abandoned." *Coleman v. Gilyard*, 969 S.W.2d 271, 274 (Mo.App.1996); *see also Estate of Dean v. Morris*, 963 S.W.2d 461, 466 (Mo.App.1998).

■ Because of its substantial failure to comply with Rule 84.04, this brief is inadequate to invoke the jurisdiction of this court and preserves nothing for review. *See Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 517 (Mo.App.1998); *Deloch v. Hughes*, 896 S.W.2d 668, 671 (Mo.App. 1995). This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of record to cure the deficiency. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

Appeal dismissed.