Joseph DONOVAN,
Plaintiff/Respondent,

v.

TEMPORARY HELP d/b/a Tempforce, Woodbridge Corporation, and Risk Enterprise Management, Defendants/Appellants,

and

Treasurer of the State of Missouri, as Custodian of the Second Injury Fund, Respondent.

No. ED 78973.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 11, 2001.

Stephen A. McManus, St. Louis, for appellant.

Caroline M.C. Bean, (Assistant Attorney General), St. Louis, for respondent.

C. Dennis Barbour, Florissant, for Donovan.

Mitchell D. Jacobs, Clayton, for Temp. Help.

MARY R. RUSSELL, Judge.

Woodbridge Corporation ("Woodbridge") appeals from a workers' compensation award issued by the Labor and Industrial Relations Commission ("Commission") to Joseph Donovan ("Claimant"). Woodbridge asserts three points of error on appeal, two of which were not previously raised before the Commission. Woodbridge's third point is not properly briefed. We dismiss the appeal.

Claimant slipped in the Woodbridge cafeteria one night before his shift, with the resulting injury being the claim at issue in this dispute. Claimant received an award for his injuries from an administrative law judge ("ALJ"). Woodbridge asserted two claims of error against the ALJ's ruling on appeal to the Commission. Woodbridge claimed that the ALJ's decision was erroneous in awarding 45% permanent partial disability at the level of the knee and in awarding 81 5/7 weeks of temporary total disability benefits. The Commission affirmed the ALJ's findings.

In this appeal, Woodbridge attempts to raise issues not presented to the Commission. Two of Woodbridge's points on appeal, Points I and III, assert that it was not the statutory employer and that the Second Injury Fund was responsible for payments to Claimant as a result of a temporary placement agency's failure to insure. These issues were not raised before the Commission.

Issues that could have been, but were not, raised previously before the Commission cannot be litigated on appeal.

*Chambliss v. Lutheran Med. Ctr.*, 822 S.W.2d 926, 932 (Mo.App.1991). Such issues are not preserved for review on appeal, and Woodbridge therefore is barred from raising them now. *Crabill v. Hannicon*, 963 S.W.2d 440, 444 (Mo.App.1998); *Vinson v. Curators of Univ. of Mo.*, 822 S.W.2d 504, 508 (Mo.App.1991). Points I and III are dismissed.

Woodbridge's remaining point on appeal is unclear because its brief contains two entirely different points relied on that are both numbered "Point II." Woodbridge's first reference to "Point II" is stated as follows:

THE COMMISSION IMPROPERLY FOUND THAT CLAIMANT SUSTAINED PERMANENT PARTIAL DISABILITY OF 45% OF THE LEFT KNEE DUE TO THE ACCIDENT OF SEPTEMBER 6, 1995 AND IMPROPERLY AWARDED 81 & 5/7 WEEKS OF TTD BENEFITS SINCE HE RETURNED TO FULL TIME WORK SHORTLY AFTER HIS INJURY.

This point refers to an injury date of September 6, 1995, yet Claimant's accident occurred on November 13, 1994.

The second reference to "Point II," located in the argument portion of the brief, states as follows:

THE ALJ INCORRECTLY AWARDED PERMANENT PARTIAL DISABILITY, TEMPORARY TOTAL DISABILITY, AND UNPAID MEDICAL EXPENSES AGAINST WOODBRIDGE BECAUSE CLAIMANT DID NOT PROVE "ACCIDENT" AND WOODBRIDGE WAS NOT A STATUTORY EMPLOYER.

The requirements for appellate briefs are established in Rule 84.04. When an agency decision is under review, the points relied on should contain the name of the

agency and identify the challenged decision, state the reasons for the claim of reversible error, and explain why those reasons support the claim of reversible error. Rule 84.04(2).

▓ The argument portion of an appellant's brief should contain a recitation of the point relied on at the beginning of the section of the argument discussing that particular point. Rule 84.04(6)(e). The argument should develop the claim of error raised in the point relied on by showing the interaction between the relevant principles of law and the facts of the particular case. *In re T.E.*, 35 S.W.3d 497, 506 (Mo.App.2001); *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 516 (Mo.App. 1998). When an argument includes conclusory propositions without referencing specific testimony or evidence and omits legal authority, no such connection between the law and facts can be made. If a point is not a matter of first impression and precedent is available, with limited exceptions, the appellant must cite to authority if it wishes to prevail. *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). If the party does not cite authority and does not explain why it fails to do so, then the party is deemed to have abandoned that point. *Hutchings v. Waxenberg*, 969 S.W.2d 327, 330 (Mo.App.1998).

Woodbridge's use of two entirely different points relied on, both listed as "Point II," accompanied by its failure in the corresponding argument to cite to the transcript or other evidence or to legal authority,[1] does not clarify exactly what appellant seeks to argue. Even if its intended argument could be discerned, Woodbridge essentially fails to clarify what legal or other authority supports its argument.

▓ Filing a brief that does not conform to the requirements of Rule 84.04

leaves the appellate court "with the dilemma of deciding that case . . . on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency." *Thummel*, 570 S.W.2d at 686. It is not the function of the court to serve as an advocate for any party on appeal, and unfairness would inevitably result if the rule were otherwise. *Id.* A substantial failure to comply with Rule 84.04 is insufficient to invoke the jurisdiction of the appellate courts and does not preserve anything for appeal. *Woodard v. SmithKline Beecham/Quest*, 29 S.W.3d 843, 844 (Mo.App.2000).

▓ A combination of deficiencies in Woodbridge's brief results in our decision to dismiss its "Point II." Practical and ethical concerns prevent this Court from spending its time divining Woodbridge's arguments. *See Thummel*, 570 S.W.2d at 686. We dismiss the appeal.

GEORGE W. DRAPER III, P.J., and MARY K. HOFF, J., concur.

---

1. Only the first paragraph of the argument for this point contains citations. The remainder of the argument for this point fails to cite to legal authority or to the transcript.