In re ESTATE OF Vincent DOCKERY, deceased Deborah J. Tosto and Deborah J. Tosto, Personal Representative of the Estate of Vincent Dockery, Jr., Plaintiffs/Respondents,

v.

Earlene Schaefer, Defendant/Appellant.

No. ED 78555.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 13, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 26, 2001.

Application for Transfer Denied Feb. 26, 2002.

Martin L. Daesch, McSweeney, Slater & Merz, St. Louis, MO, for respondents.

Harold G. Johnson, Mitchell D. Johnson, St. Ann, MO, for appellant.

Before KATHIANNE KNAUP CRANE, P.J., CLIFFORD H. AHRENS, J. and ROBERT G. DOWD, JR., J.

PER CURIAM.

Plaintiffs, Deborah J. Tosto, an individual, and Deborah J. Tosto, personal representative of an estate, filed an action against defendant, Earlene Schaefer, to recover moneys taken from the decedent's accounts before his death. Plaintiffs subsequently filed a motion for summary judgment to which defendant filed an unverified response which was not supported

by affidavits or references to the record. The trial court entered summary judgment against defendant in the amount of $7,016.17. On appeal defendant contends that a material factual dispute remains and that plaintiff was not entitled to judgment as a matter of law. Because defendant's brief substantially violates Rule 84.04, we dismiss the appeal.

Defendant's brief attempts to argue three points, each containing multiple contentions, in six pages of argument. The only cases and statutes cited under the points relied on and in the argument are those which set out the standard of review and the purpose of summary judgment and those on which plaintiffs relied in their motion for summary judgment and which defendant argues are inapplicable. Defendant's argument in support of her claims of error consists of legal conclusions without supporting legal authority or a statement that no authority exists.

An appellant must cite authority in support of each point relied on if the point is one for which precedent is available and appropriate. Thummel v. King, 570 S.W.2d 679, 687 (Mo. banc 1978); Rule 84.04(d)(5). In the argument portion of the brief, an appellant should cite or discuss those authorities or advance a rationale explaining why such authority is unavailable. Luft v. Schoenhoff, 935 S.W.2d 685, 687 (Mo.App.1996). If a party fails to support a contention with relevant authority or argument beyond conclusions, we consider the point abandoned. Beatty v. State Tax Comm'n, 912 S.W.2d 492, 498–99 (Mo. banc 1995); Thummel v. King, 570 S.W.2d 679, 687 (Mo. banc 1978).

This court should not be expected to decide the case on the basis of inadequate briefing. Thummel v. King, 570 S.W.2d 679, 686 (Mo. banc 1978); Woodard v. SmithKline Beecham/Quest, 29 S.W.3d 843, 844 (Mo.App.2000). This brief is inadequate to invoke the jurisdiction of this court and preserves nothing for review. Accordingly, we dismiss the appeal.