**Deborah COLLINS, Plaintiff/Appellant,**

v.

**Michael RUFFUS and Aaron Doerr, Defendants/Respondents.**

**No. ED 79770.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 18, 2001.

Deborah Collins, St. Louis, MO, for appellant.

James A. Harfst, St. Louis, MO, for respondent.

Before WILLIAM H. CRANDALL, JR., P.J., PAUL J. SIMON, J. and ROBERT G. DOWD, JR. J.

PER CURIAM.

In this action for damages arising from an automobile accident, plaintiff, Deborah Collins, filed a petition in small claims court against Micheal Ruffus. The court entered judgment in favor of plaintiff for $2,500. Ruffus filed an application for trial de novo. Aaron Doerr was added as a defendant. After a hearing, the court entered judgment for the defendants, Ruffus and Doerr. Plaintiff appeals. Because plaintiff's brief substantially violates Rule 84.04, we dismiss the appeal.

Plaintiff appeals to this court pro se. A pro se appellant must comply with the Missouri Supreme Court Rules, including Rule 84.04, which sets forth requirements for appellate briefs. *Woodard v. Smithkline Beecham/Quest*, 29 S.W.3d 843, 844 (Mo.App. E.D.2000).

In her sole point on appeal, plaintiff argues that the judgment entered after the trial de novo should be vacated and the judgment of the small claims court should be reinstated "because the court issued its ruling without allowing public records and reports to be submitted as evidence." Plaintiff's point relied on fails to comply with Rule 84.04(d)(1). Plaintiff does not cite any authority after its point relied on. Rule 84.04(d)(5). The argument consists of three sentences. Plaintiff states in part that this case is governed by "Missouri Rules of Court and specifically [R]ule 803, which imposes jurisdictional limitations and requirements on court consideration of evidence allowed to be submitted that is not considered hearsay." Plaintiff then states that "Under Rule 803 records, reports, statement and date compilation in any form of public officer is allowed to be entered as evidence and will not be considered hearsay. . . ." Plaintiff is presumably referring to Rule 803 of the Federal Rules of Evidence which sets forth certain hearsay exceptions. Plaintiff never identified in her point relied on or in the argument the public record or report that was excluded. Other than Rule 803, plaintiff cites no additional authority. The argument does not present sufficient, if any, legal analysis to support a claim of reversible error. Plaintiff also failed to set forth a standard of review. Rule 84.04(e). In addition, plaintiff's statement of facts fails to reference the record as required under Rule 84.04(i).[1] Because of plaintiff's substantial failure to comply with Rule 84.04, this brief is inadequate to invoke the jurisdiction of this court and preserves nothing for review.

Appeal dismissed.

---

1. The transcript is not part of the record on appeal. *See* Rule 81.12; *Buford v. Mello*, 40 S.W.3d 400, 401–02 (Mo.App. E.D.2001).