Charlotte WATSON–TATE, Appellant,

v.

ST. LOUIS SCHOOL DISTRICT
and Division of Employment
Security, Respondents.

No. ED 80445.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 3, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 24, 2002.

Charlotte (Watson) Tate, St. Louis, pro se.

---

James H. Guest, Lashly & Baer, St. Louis, for Respondent St. Louis School District.

Larry Raymond Ruhmann, St. Louis, for Division of Employment Security.

GLENN A. NORTON, Judge.

Charlotte Watson–Tate appeals the Labor and Industrial Relations Commission's order affirming the appeals tribunal's decision to deny her unemployment benefits. The Division of Employment Security filed a motion to strike Tate's brief for failure to comply with Rule 84.04. We took the motion with the case on briefs. We agree that Tate's brief is non-compliant and therefore dismiss the appeal.

■ Tate is not represented by counsel, but pro se appellants are held to the same standards as attorneys. They must comply with Supreme Court rules, including Rule 84.04 [1] setting forth the requirements for appellate briefs. *Woodard v. Smith-Kline Beecham/Quest*, 29 S.W.3d 843, 844 (Mo.App. E.D.2000).

Tate's brief fails to comply with Rule 84.04 so substantially that her appeal cannot be reviewed. The table of authorities does not comply with Rule 84.04(a)(1). The jurisdictional statement does not set out facts that demonstrate proper jurisdiction in this Court. *See* Rule 84.04(b). The statement of facts has no references to the record and contains only the procedural history, no relevant facts. *See* Rule 84.04(c) and (i).

■ Tate's single Point Relied On states that the Commission "erred in denying benefits to the appellant. Evidence provided by the appellant was not considered." This bare allegation of error does not identify any specific ruling complained of, state concisely the legal reasons for the claim of reversible error, or explain in summary fashion why, in the context of this case, those legal reasons support the claim of reversible error. *See* Rule 84.04(d)(2); *see also Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). Tate does not follow the form suggested in Rule 84.04(d)(2) in any respect. In addition, the point is not followed by any citation of authorities as required by Rule 84.04(d)(5). Most importantly, we cannot tell from this point what issues Tate wants resolved.

The argument itself is of no help here. The first "paragraph" [2] of the argument seems to point out evidence that someone presented at the hearing, but does not indicate whether or why this evidence supports Tate's claim of reversible error. The argument also attempts to assert a factual error in one witness's testimony, but provides no citation to the record supporting this claim and again does not tell us why the error mandates reversal. The argument lacks any legal analysis or citation to authority. The point is not repeated at the beginning, and there is no statement of the applicable standard of review. *See* 84.04(e). We can no more glean the issues from the argument than we can from the point. [3]

Because of its substantial failure to comply with Rule 84.04, Tate's brief is inadequate to invoke the jurisdiction of this

---

1. All rule references are to the Missouri Supreme Court Rules (2002).

2. The text of Tate's brief is centered in the middle of the page. We granted her leave to file a type-written brief, but it is difficult in this format to tell where paragraphs and sentences begin and end.

3. Even if we were to review the case for plain error, the record does not reveal any manifest injustice or miscarriage of justice that would warrant reversal.

Court and preserves nothing for review. *See Woodard,* 29 S.W.3d at 844. The brief's deficiencies would require this Court to ferret out the facts, reconstruct the points and issues and decipher the arguments to determine whether Tate is entitled to relief. We are not required to, and should not, become advocates for appellants in this way. *See Thummel,* 570 S.W.2d at 686.

The appeal is dismissed.

WILLIAM H. CRANDALL, JR., P.J. and SHERRI B. SULLIVAN, J. concurring.