Angela **ROBINSON**,
Claimant/Appellant,

v.

**ALLIANCE DATA SYSTEMS,**
Employer/Respondent.

No. **ED 89243.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 10, 2007.

---

Utica C. Morris Brown and Crouppen, P.C., St. Louis, MO, for appellant.

John P. Kafoury, Holtkamp, Liese, Schultz & Hilliker, P.C., St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

In this workers' compensation case, claimant, Angela Robinson, appeals from the order of the Labor and Industrial Relations Commission (the Commission) granting employer's motion to dismiss claimant's application for review. We affirm.

After the administrative law judge (ALJ) entered findings of fact and rulings of law denying claimant's claim for compensation, claimant filed an application for review. Employer, Alliance Data Systems, filed a motion to dismiss the application for review. Employer argued that claimant's application failed to state specifically the reason the findings of the ALJ were not properly supported, as required under 8 CSR 20–3.030(3)(A) (2000). The Commission granted employer's motion and dismissed claimant's application for review based on 8 CSR 20–3.030(3)(A).

For her sole point on appeal, claimant contends that the Commission erred in granting employer's motion to dismiss because employer's motion was filed beyond the ten-day limit for filing an answer that is set forth in 8 CSR 20–3.030(4)(A) (2000).[1] She does not challenge the Commission's action on the merits.

Claimant's argument rests on the premise that the Commission's authority to dismiss an application for review for failure to comply with 8 CSR 20–3.030(3)(A) is de-pendent on the employer filing a motion to dismiss and doing so within the time frame for a permitted, but not mandatory, answer. She has cited no authority in support of this premise and, thus, has not preserved this claim for review in this court. *Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo.App.1996).

Moreover, claimant did not preserve a challenge to timeliness before the Commission. Claimant filed a motion opposing employer's motion to dismiss with the Commission, but she did not claim in this document or in any other record before the Commission that the motion to dismiss was untimely. Issues that were not presented to the Commission for decision cannot be raised on appeal. *Donovan v. Temporary Help,* 54 S.W.3d 718, 719 (Mo.App. 2001). Claimant's failure to challenge the timeliness of the motion before the Commission also results in this issue not being preserved for review. Point one is denied.

*Conclusion*

The Commission's dismissal of claimant's application for review is affirmed.

ROY L. RICHTER, P.J. and SHERRI B. SULLIVAN, J., concur.

---

1. 8 CSR 20–3.030(4)(A) provides:

An opposing party (known as the respondent) may file an answer to the petitioner's application for review.... The answer(s) shall be filed within ten (10) days after the filing of the application for review. The commission shall have discretion to extend the time for filing an answer.