Gene SCHENBERG, Respondent,

v.

Howard LEVENTHAL, Appellant.

No. ED 89147.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 18, 2007.

Richard Felix Huck III, St. Louis, MO, for Respondent.

Howard Leventhal, Elk Grove Village, IL, pro se.

## OPINION

GLENN A. NORTON, Judge.

Howard Leventhal ("Defendant") appeals the judgment entered upon a jury verdict finding in favor of Gene Schenberg ("Plaintiff") on Plaintiff's claims of abuse of process and malicious prosecution. Plaintiff filed a motion to strike Defendant's brief and dismiss his appeal. We took the motion with the case. We agree that Defendant's brief fails to comply with Rule 84.04[1] and therefore dismiss the appeal.

## I. DISCUSSION

■ Defendant is not represented by counsel, but pro se appellants are held to the same standards as attorneys. *See Watson–Tate v. St. Louis School Dist.*, 87 S.W.3d 358, 359 (Mo.App. E.D.2002). They must comply with Missouri Supreme Court Rules, including Rule 84.04 setting forth the requirements for appellate briefs. *Id.*

■ Defendant's brief fails to comply with Rule 84.04 so substantially that his appeal cannot be reviewed. The table of authorities does not comply with Rule 84.04(a)(1). The jurisdictional statement does not set out facts that demonstrate proper jurisdiction in this Court. *See* Rule 84.04(b). Also, the statement of facts is not a fair and concise statement of the facts relevant to the questions presented for determination without argument. *See* Rule 84.04(c).

Moreover, each of Defendant's fourteen points fails to identify the specific ruling

1. All references to Rules are to Missouri Supreme Court Rules (2007).

complained of, state concisely the legal reasons for the claim of reversible error, and/or explain in summary fashion why, in the context of this case, those legal reasons support the claim of reversible error. *See* Rule 84.04(d)(1); *see also Watson–Tate,* 87 S.W.3d at 359. Defendant does not follow the form suggested in Rule 84.04(d)(1) in any respect. In addition, the points are not followed by any citation of authorities as required by Rule 84.04(d)(5). Most importantly, we cannot tell from these points what issues Defendant wants resolved.

Additionally, each of Defendant's argument sections fails to contain a statement of the applicable standard of review. *See* 84.04(e). Furthermore, the argument sections, like the points, fail to advise us of the issues being raised on appeal.

Because of its substantial failure to comply with Rule 84.04, Defendant's brief is inadequate to invoke the jurisdiction of this Court and preserves nothing for review. *See Watson–Tate,* 87 S.W.3d at 359–60. The brief's deficiencies would require this Court to ferret out the facts, reconstruct the points and issues and decipher the arguments to determine whether Defendant is entitled to relief. *See id.* at 360. We are not required to, and should not, become advocates for appellants in this manner. *Id.*

## II. CONCLUSION

The appeal is dismissed.

ROY L. RICHTER, P.J. and CLIFFORD H. AHRENS, J., concur.