Eric SNYDER, Appellant,

v.

Michael SCHECHTER, et al., Respondents.

No. ED 89265.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 11, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 2008.

Application for Transfer Denied March 18, 2008.

1. All statutory references are to RSMo. (2000).

Eric J. Snyder, Saint Charles, MO, pro se.

Gary P. Paul, Aaron I. Mandel, Clayton, MO, for Respondent Michael L. Schechter.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Joshua N. Worthington, Assistant Attorney General, Saint Louis, MO, for Respondent Hon. John E. Essner.

## *OPINION*

GLENN A. NORTON, Judge.

Eric Snyder appeals the judgment of the trial court dismissing his petition asserting claims against his ex-wife, Jane Snyder ("Ex-wife"), his Ex-wife's attorney, Michael Schechter, and the judge that presided over the dissolution proceedings, the Honorable John R. Essner. Ex-wife and Schechter argue that this Court should dismiss Snyder's appeal because his brief fails to comply with the requirements of Rule 84.04.[1] We agree. The appeal is dismissed.

Respondent Schechter filed a motion for damages for frivolous appeal, which this Court took with the case. Respondent Schechter's motion for damages for frivolous appeal is granted.

---

1. All references to Rules are to Missouri Supreme Court Rules (2007).

## I. DISCUSSION

■ Snyder, who was a practicing attorney until his license was indefinitely suspended, *In re Snyder,* 35 S.W.3d 380 (Mo. banc 2000), filed this appeal *pro se.* Nevertheless, as a *pro se* litigant, Snyder is held to the same standard as a licensed attorney. *See Watson–Tate v. St. Louis School Dist.,* 87 S.W.3d 358, 359 (Mo.App. E.D.2002). He must comply with Missouri Supreme Court Rules, including Rule 84.04 setting forth the requirements for appellate briefs. *Id.*

■ Snyder's brief fails to comply with Rule 84.04 so substantially that his appeal cannot be reviewed. In his jurisdictional statement, Snyder states: "These matters would come within this court's jurisdiction if the judgment were not void and was final." This jurisdictional statement, which actually claims that this Court lacks jurisdiction, fails to demonstrate proper jurisdiction in this Court. *See* Rule 84.04(b).

Also, the statement of facts is not a fair and concise statement of the facts relevant to the questions presented for determination without argument. *See* Rule 84.04(c). Snyder's statement of facts is nothing but argument. In addition, Snyder fails to state the basis for his claims, and does not recite the basis for the motions to dismiss his petition or the trial court's ruling.

Moreover, each of Snyder's twelve points on appeal fails to identify the specific ruling complained of, state concisely the legal reasons for the claim of reversible error, and/or explain in summary fashion why, in the context of this case, those legal reasons support the claim of reversible error. *See* Rule 84.04(d)(1); *see also Watson–Tate,* 87 S.W.3d at 359. Snyder does not follow the form suggested in Rule 84.04(d)(1) in any respect. There are no separate statements of the standard of review. *See* 84.04(e). In addition, Snyder makes statements of law without applying them to the facts in this case. Most importantly, although we can discern Snyder's general claims of error, we cannot tell from the points relied on what precise issues he wants resolved.

Because of its substantial failure to comply with Rule 84.04, Snyder's brief is inadequate to invoke the jurisdiction of this Court and preserves nothing for review. *See Watson–Tate,* 87 S.W.3d at 359–60. The brief's deficiencies would require this Court to ferret out the facts, reconstruct the points and issues and decipher the arguments to determine whether Snyder is entitled to relief. *See id.* at 360. We are not required to, and should not, become advocates for appellants in this manner. *Id.*

■ Respondent Schechter has filed a motion for damages for frivolous appeal. In his motion, Schechter argues that the matters raised in this appeal and in the trial court below have been adjudicated by the circuit court and before this Court on several prior occasions, and therefore this appeal is frivolous. We agree. Snyder's general claims of error that are the subject of this appeal are based on allegations that have been asserted by Snyder *ad nausem.* As against Ex-wife and Schechter, Snyder's petition attempts to assert claims based on the judgments entered in a prior dissolution proceeding and a bankruptcy proceeding, both of which he appealed unsuccessfully. *See Snyder v. Snyder,* 142 S.W.3d 780 (Mo.App. E.D.2004) (dismissing Snyder's appeal from the judgment of dissolution); *In re Snyder,* 83 Fed.Appx. 847 (8th Cir. Dec.9, 2003) (affirming the denial of Snyder's motion to set aside the judgment dismissing his bankruptcy petition). In addition, Snyder has filed two prior civil actions against Ex-wife based on the same allegations that are asserted

here. Both cases were dismissed, and in the latter case Snyder was sanctioned in the amount of $6,060.

▉ The doctrines of *res judicata* and collateral estoppel preclude Snyder from reasserting claims that have previously been litigated. *See American Polled Hereford Ass'n v. City of Kansas City,* 626 S.W.2d 237, 241 (Mo. banc 1982) (stating that *res judicata* precludes the same parties or their privities from relitigating the same cause of action); *City of Ste. Genevieve v. Ste. Genevieve Ready Mix, Inc.,* 765 S.W.2d 361, 364 (Mo.App. E.D.1989) (stating that collateral estoppel bars relitigation of an issue by the same parties or those in privity with them). Snyder has engaged in incessant attempts to litigate the "claims" asserted in his present petition. In an effort to deter Snyder from continuing to attempt to re-litigate the same issues, we grant Respondent Schechter's motion for damages for frivolous appeal and impose monetary sanctions against Snyder.

## II. CONCLUSION

The appeal is dismissed. As sanctions for his abuse of the court system in filing this frivolous appeal, Snyder is ordered to pay $9,000 in damages to Respondent Schechter.

ROY L. RICHTER, P.J. and CLIFFORD H. AHRENS, J., concur.