James JOHNSON, Appellant,

v.

BUFFALO LODGING ASSOCIATES
and Division of Employment
Security, Respondents.

No. ED 92957.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 15, 2009.

James Johnson, St. Louis, MO, pro se.

Buffalo Lodging Associates, University Park, FL, pro se.

Larry R. Ruhmann, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

James Johnson (Claimant) appeals *pro se* from a final order of the Labor and Industrial Relations Commission. The Commission's order affirmed the Division of Employment Security Appeals Tribunal's decision denying Claimant unemployment compensation benefits. Claimant's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and therefore dismiss it.

■ We hold *pro se* appellants to the same standards as attorneys. *Pointer v. State, Dept. of Social Servs.,* 258 S.W.3d 453, 454 (Mo.App. E.D.2008). Accordingly, *pro se* appellants must comply with Supreme Court Rules, including Rule 84.04, which sets forth mandatory rules for appellate briefing. *Kuenz v. Walker,* 244 S.W.3d 191, 193 (Mo.App. E.D.2007). Failure to conform to the mandates of Rule 84.04 results in unpreserved allegations of error and constitutes grounds for dismissal of the appeal. *Id.*

■ Claimant failed to comply with Rule 84.04 in several respects, leaving nothing for appellate review. *See Schaefer v. Altman,* 250 S.W.3d 381, 384 (Mo.App. E.D.2008). First, Claimant's statement of facts does not contain "a fair and concise statement of facts relevant to the questions presented for determination without argument." Rule 84.04(c); *see Pattie v. French Quarter Resorts,* 213 S.W.3d 237, 239 (Mo.App. S.D.2007). The statement of facts should "define the scope of the controversy and afford the appellate court an immediate, accurate, complete and unbiased understanding of the case." *Bieri v. Gower,* 157 S.W.3d 264, 266 (Mo.App. S.D. 2005). Claimant's narration of the facts is argumentative, incomplete, and references matters outside the record on appeal. *See Pattie,* 213 S.W.3d at 239.

Most importantly, Claimant fails to support each of his factual statements with citations to the legal file or transcript. Rule 84.04(i); *see Pattie,* 213 S.W.3d at 239. "Rule 84.04(i)'s requirement that the appellant support factual statements in its brief with record citations is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *Rainey v. SSPS, Inc.,* 259 S.W.3d 603, 605 (Mo.App. W.D.2008) (quotation omitted). These violations of Rules 84.04(c) and (i) alone warrant dismissal of this appeal. *See id.*

■■ Second, Claimant's two points relied on do not comply with Rule 84.04(d)(2). Under Rule 84.04(d)(2), each point relied on must identify the administrative ruling or action the appellant challenges, provide a concise statement of the legal reasons for the claim on appeal, and explain why the legal reasons support the claim of error. *Schaefer,* 250 S.W.3d at 384. "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Kuenz,* 244 S.W.3d at 193 (quotation omitted).

Claimant's two points relied on merely assert that the "Missouri Department of Unemployment Security erred when they denied my unemployment benefits based upon the following violation or disqualifications of The [sic] Missouri Employment Security law," and then reproduces the language of the Employment Security statutes on which the Appeals Tribunal based its decision. Neither of Claimant's points states a legal reason for any claim of reversible error or explains why those reasons constitute error in the context of the case. *See Pointer,* 258 S.W.3d at 455. Claimant's points relied on fail to comply with Rule 84.04(d) and therefore preserve nothing for review. *See Washington v. Blackburn,* 286 S.W.3d 818, 821 (Mo.App. E.D.2009).

■ Finally, Claimant's brief violates Rule 84.04(e) because it fails to set forth the applicable standard of review, presents no legal argument for reversal, and contains no citations to legal authority. Rule 84.04(e). Claimant's argument does not provide a standard of review for agency decisions as required by Rule 84.04(e). Nor does the argument "explain why, in the context of the case, the law supports the claim of reversible error." *In re Marriage of Smith,* 283 S.W.3d 271, 275 (Mo. App. E.D.2009) (quotation omitted). The

argument should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case. *Washington,* 286 S.W.3d at 821. If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned. *Kuenz,* 244 S.W.3d at 194.

■ In his brief, Claimant asserts that the Commission erred in denying him unemployment compensation benefits. However, Claimant offers no legal reason explaining how the Commission erred. *See Kuenz,* 244 S.W.3d at 194. As a result, Claimant's argument does not demonstrate that the basis upon which the agency issued its adverse ruling was erroneous, and thus fails to satisfy the fundamental requirement of an appellate argument. *See Rainey,* 259 S.W.3d at 606. Moreover, Claimant's argument cites no legal authority. "If a point is not a matter of first impression and precedent is available, with limited exceptions, the appellant must cite to authority if [he] wishes to prevail." *Donovan v. Temporary Help,* 54 S.W.3d 718, 719 (Mo.App. E.D.2001) (citing *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978)). Because Claimant does not cite authority and does not explain why he fails to do so, we deem his points abandoned. *See Kuenz,* 244 S.W.3d at 194.

### Conclusion

Claimant's brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it preserves nothing for our review. *See Schaefer,* 250 S.W.3d at 385. Accordingly, the appeal is dismissed.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., Concur.