Tara RICHARDSON,
Claimant/Appellant,

v.

MERITORIOUS CARE, INC.,
and Division of Employment
Security, Respondents.

No. ED 93588.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 23, 2010.

Tara Richardson St. Louis, MO, pro se.

Meritorious Care, Inc. St. Louis, MO, pro se.

Shelley A. Kintzel, Jefferson City, MO, for Div. of Employment Security.

GARY M. GAERTNER, JR., Judge.

Tara Richardson (Claimant) appeals pro se from a final order of the Labor and Industrial Relations Commission, which affirmed a decision of the Division of Employment Security Appeals Tribunal denying employment compensation benefits. Claimant's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and we therefore dismiss it.

This court recently dismissed a procedurally similar case after determining the pro se appellate brief so substantially failed to conform to Rule 84.04[1] that it preserved no allegations of error for appellate review. *Johnson v. Buffalo Lodging Assocs.*, 300 S.W.3d 580 (Mo.App. E.D. 2009). We apply the same analysis here.

Pro se appellants are held to the same standards as attorneys regarding Rule 84.04's mandatory appellate briefing rules. *See Pointer v. State, Dept. of Social Servs.*, 258 S.W.3d 453, 454 (Mo.App. E.D.2008) (per curiam). While we prefer to dispose of a case on the merits whenever possible, if the deficiencies in the brief are such that no claims are preserved for appellate review, then we must dismiss. *Compare Johnson*, 300 S.W.3d at 581–82, *and Schaefer v. Altman*, 250 S.W.3d 381, 384

---

1. All rule references are to Mo. R. Civ. P.2009, unless otherwise indicated.

(Mo.App. E.D.2008), *with Gray v. White,* 26 S.W.3d 806, 816 (Mo.App. E.D.1999).

Here, Claimant failed to comply with Rule 84.04 in several respects. First, Claimant's statement of facts does not contain a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Rather, Claimant's statement is argumentative, incomplete, and references matters outside the record on appeal. *See Johnson,* 300 S.W.3d at 581–82 (dismissing appeal when, inter alia, statement of facts violated Rule 84.04(c) in that it was argumentative, incomplete, and referenced matters outside record); *Perkel v. Stringfellow,* 19 S.W.3d 141, 146 (Mo. App. S.D.2000) (statement of facts should afford appellate court "accurate, complete and unbiased understanding of the facts of the case"). Further, Claimant fails to support any of her factual statements with citations to the legal file or transcript. Rule 84.04(i); *Lueker v. Mo. W. State Univ.,* 241 S.W.3d 865, 868 (Mo.App. W.D. 2008) (record citations in appellate briefs are "mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record").

Second, Claimant's two points relied on do not comply with Rule 84.04(d)(2), which requires each point to identify the administrative ruling or action challenged, to provide a concise statement of the legal reasons for the claim on appeal, and explain why the legal reasons support the claim of error. *Cf. Schaefer,* 250 S.W.3d at 384. Claimant's two points on appeal fail to identify any administrative ruling or action, and fail to provide any legal reason for the claim. Claimant asserts merely that she "did [her] part, and that [she] should get unemployment." Because her points do not comply with Rule 84.04(d),

there is no error preserved for review. *See Washington v. Blackburn,* 286 S.W.3d 818, 821 (Mo.App. E.D.2009); *see also Johnson,* 300 S.W.3d at 581–82 (points relied on did not comply with Rule 84.04(d)(2)).

Last, Claimant's brief violates Rule 84.04(e), because it fails to set forth the applicable standard of review for agency decisions, presents no legal arguments for reversal, and contains no citations to legal authorities. Claimant does not develop her claim for error "by showing the interaction between the relevant principles of law and the facts of the particular case." *Johnson,* 300 S.W.3d at 582 (dismissing appeal for failure to comply with Rule 84.04(e)'s requirements). Significantly, Claimant does not provide a single reference to any legal authority. If a party does not support her arguments with relevant authority or present arguments beyond conclusory statements, the point is deemed abandoned. *Id.*

### Conclusion

Claimant's brief so substantially fails to comply with the briefing requirements of Rule 84.04 that it preserves nothing for appellate review. The appeal is dismissed.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.