

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| WILLIAM SCHIERBAUM, | ) | No. ED111800 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Warren County |
| v. | ) | Cause Nos. 19BB-CC00083 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Jason H. Lamb |
| | ) | |
| Respondent. | ) | Filed: December 17, 2024 |

**Introduction**

William Schierbaum ("Movant") appeals the motion court's judgments denying his two post-conviction motions pursuant to Rule 29.15 following an evidentiary hearing.[1] In Movant's first point, he argues the motion court clearly erred in denying both motions because trial counsel was ineffective for failing to object to evidence obtained by police pursuant to allegedly illegal searches and seizures. In Movant's second point, he argues the motion court erred in denying both motions because trial counsel was ineffective for failing to investigate claims that police used false information to obtain the search warrants. We dismiss the appeal for violations of Rule 84.04.

**Background**

*Facts*

---

[1] All Rule references are to the Missouri Supreme Court Rules (2023), unless otherwise indicated.

On December 20, 2016, Wright City Police officers executed a search warrant at Movant's home. While searching Movant's bedroom, they found hypodermic syringes, methamphetamine, and marijuana. These items were easily accessible to Movant's minor child, who lived there.

On March 4, 2017, officers executed a second search warrant at Movant's home. When the officers entered Movant's room, they found Movant attempting to stuff the contents of a Crown Royal bag into his mouth. They also found syringes; scales with white powder on them; and two small bags with a crystal substance inside, one small bag with white residue, a bag of marijuana, and a small marijuana pipe inside the Crown Royal bag.

*Procedural History*

The evidence found in the two searches resulted in two separate criminal cases against Movant. In case number 16BB-CR00942-01, based on the December 20, 2016 search, Movant was charged with and convicted of possession of a controlled substance, endangering the welfare of a child, possession of marijuana, and unlawful use of drug paraphernalia.

In case number 17BB-CR00100-01, based on the March 4, 2017 search, Movant was charged with and convicted of possession of a controlled substance, unlawful use of drug paraphernalia, and possession of marijuana.

Movant appealed his convictions to this Court. He ultimately dismissed his appeal in the first case, number ED106777, and we affirmed his convictions in the second case, number ED106778.

Movant filed two separate motions to vacate, set aside or correct the judgments pursuant to Rule 29.15. In paragraphs 8(a), 8(b), and 8(c) of each motion, Movant made the same arguments. Specifically, Movant argued:

2

(a) Movant was denied effective assistance of trial counsel due process, and freedom from an unreasonable search and seizure guaranteed by the fourth, sixth, and fourteenth amendment to the United States Constit[ut]ion.
(b) Counsel failed to object to State[']s use of the evidence seized from movant's home based on the fact that the state could not provide reasonable assurance that the evidence seized had not been tampered with or substituted.
(c) Trial counsel failed to investigate and present evidence that the information provided in the probable cause affidavit of [police officer] used to secure the search warrant of the Movant[']s home was false and known to be so by [police officer] and the State.

The motion court appointed counsel, and counsel filed statements in lieu of an amended motion. The motion court held an evidentiary hearing, at which it considered both motions and heard the testimony of trial counsel and Movant.

After the hearing, the motion court entered findings of fact and conclusions of law denying both of Movant's Rule 29.15 motions. In both cases, the court found credible trial counsel's testimony that, after discussing the case with Movant, counsel believed that probable cause supported the search warrants. The court also credited trial counsel's testimony that a motion to suppress the evidence recovered pursuant to the search warrants would have been overruled. Thus, the motion court concluded that trial counsel's assistance to Movant was not ineffective based on legal precedent dictating that "[c]ounsel will not be found ineffective for failing to investigate and file a meritless motion to suppress."

Movant now appeals.

**Standard of Review**

"Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). To be clearly erroneous, a trial court's decision must leave the appellate court "with a definite and firm conviction a mistake has been made." *State v. Smulls*, 935 S.W.2d 9, 15 (Mo. banc 1996).

Missouri courts apply the *Strickland* test for post-conviction review claims of ineffective assistance of counsel. *See Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). To prevail on such a claim, the movant must show by a preponderance of the evidence that: (1) his counsel's performance was deficient, and (2) this deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**Discussion**

Point I

In his first point relied on, Movant challenges the motion court's denial of his claim 8(b) in both Rule 29.15 motions:

> The motion court clearly erred in denying Mr. Schierbaum's claim 8(b) trial counsel was ineffective in failing to object to state's use of the evidence seized from Mr. Schierbaum's home based on the fact that the state could not provide reasonable assurance that the evidence seized had not been tampered with or substituted in derogation of Mr. Schierbaum's rights to due process of law and to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, in that the record supports that Mr. Schierbaum adduced sufficient facts which, if true, supported that trial counsel had no strategic or other reason for failing to object to respondent's use of evidence allegedly seized from Mr. Schierbaum's home in either trial and that any reasonably competent attorney in the same or similar circumstances would have so objected.

"Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). Rule 84.04 is mandatory. *Id.* "Although this Court prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief 'so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal.'" *Id.* (quoting *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998)).

Rule 84.04(d)(1) sets forth the requirements for points relied on in appeals of post-conviction relief cases. *See e.g.*, *Cummings v. State*, 693 S.W.3d 209, 214 (Mo. App. E.D. 2024).

It requires that the appellant's points relied on "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1) also supplies a template for points relied on:

> The point shall be in substantially the following form: 'The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error].'

Movant's first point relied on does not follow the rule. Most obviously, the point omits "because" from the standard language, requiring us to gather whether and where Movant "state[s] the legal reasons for the claim of reversible error." Rule 84.04(d).

Rule 84.04(d) also prohibits multifarious points relied on. *Lexow*, 643 S.W.3d at 505–06. The rule "requires separate points to challenge separate rulings or actions." *Id*. This is a consolidated case, in which Movant appeals from separate rulings of the motion court assessing the assistance of trial counsel in two different jury trials. Movant improperly seeks to challenge the motion court's separate rulings in a single multifarious point on appeal. Multifarious points preserve nothing for review, *Id.* at 507, and are subject to dismissal, *Barbieri v. Barbieri*, 633 S.W.3d 419, 432 (Mo. App. E.D. 2021). *See, e.g., Bi-Nat'l Gateway Terminal, LLC v. City of St. Louis*, 697 S.W.3d 593, 598–99 (Mo. App. E.D. 2024); *Love v. Osage Marine Services, Inc.*, 690 S.W.3d 505, 517–18 (Mo. App. E.D. 2024).

Even if Movant's first point relied on met the requirements of Rule 84.04(d), we nevertheless would dismiss the appeal because the argument section of the brief altogether fails to meet the requirements of Rule 84.04(e). In fact, Movant's argument section appears to be nothing more than a cut-and-paste of the post-conviction hearing transcript imported into the brief.

5

According to the brief, Movant "explicitly directed undersigned counsel to import and present only the following argument he has written on this Point verbatim and without any additions, corrections, or alterations by counsel."

Rule 84.04(e) requires, "For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Movant's argument section does not include a statement describing whether and how his claim of error was preserved for appellate review.

Additionally, Rule 84.04(e) requires, "All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Movant's argument section does not cite the record, and we will not scour the record on Movant's behalf. *See Lexow*, 643 S.W.3d at 505 (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)).

Finally, Rule 84.04(e) requires, "The argument shall substantially follow the order of 'Points Relied On.'" This Court has interpreted that to mean that an argument section "should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case." *Hubbard v. Schaefer Autobody Centers, Inc.*, 561 S.W.3d 458, 461 (Mo. App. E.D. 2018) (quoting *Johnson v. Buffalo Lodging Assocs.*, 300 S.W.3d 580, 582 (Mo. App. E.D. 2009)) (internal quotations omitted). Movant's argument section does not develop his claim of error. As mentioned, Movant's argument is a nearly verbatim block quotation of the post-conviction hearing transcript. Merely reproducing the hearing record in this way falls far short of "showing the interaction between the relevant principles of law and the facts of the particular case," as required by Rule 84.04(e). *Id.*

Point I is dismissed.

Point II

In Movant's second point relied on, he challenges the motion court's denial of his claim

8(c) in both Rule 29.15 motions:

> The motion court clearly erred in denying Mr. Schierbaum's claim 8(c) trial counsel was ineffective in failing to investigate and present evidence that the information officer . . . used to secure the search warrant of Mr. Schierbaum's home was false and known to be so by [officer] and the state in derogation of Mr. Schierbaum's rights to due process of law and to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, in that M.S.'s stated strategy for failing to investigate and present evidence of [officer]'s illicit search and for failing to file a motion to suppress evidence allegedly seized from Mr. Schierbaum's home on such grounds was objectively unreasonable.

Like Movant's first point, his second point does not indicate whether and where he "state[s]

the legal reasons for the claim of reversible error." Rule 84.04(d)(1). Movant's second point also

is multifarious in violation of Rule 84.04(d) in that it purports to challenge the motion court's

rulings regarding the effectiveness of trial counsel at both trials. *Lexow*, 643 S.W.3d at 505–06.

Finally, the argument section in Point II merely "reincorporates and reasserts" the deficient

argument section from Point I, again at the direction of Movant. Thus, as in Point I, the argument

section in Point II violates Rule 84.04(e), rendering the point unreviewable.

Point II is dismissed.

**Conclusion**

Movant's brief fails substantially to meet the requirements of Rule 84.04. The appeal is

dismissed.


<u>Cristian M. Stevens, J.</u>

7

James M. Dowd, P.J., and
Angela T. Quigless, J., concur.