

# Missouri Court of Appeals
## Southern District

### In Division

CORPORATE VILLAGE OWNERS ASSOCIATION, INC.,

    Plaintiff-Respondent,

v.

CORPORATE VILLAGE, LLC,

    Defendant-Appellant,

and

SOUTHERN BANK,

    Intervenor.

No. SD38649

**Filed: August 26, 2025**

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jerry A. Harmison, Jr.

### **AFFIRMED**

Corporate Village Condominium (the "Condominium Development") is a commercial condominium development in Springfield ("City"), and it was created on June 9, 2004, when the appellant, Corporate Village, LLC (the "Declarant"), filed in the Greene County real estate records the Declaration of Condominium of Corporate Village Condominium (the "Declaration") and the original plat, which subjected 10.2 acres of land to the provisions of the Declaration and the Uniform Condominium Act, sections

1

448.1-101 et seq. (the "UCA"). The circuit court held a bench trial on Declarant's and Corporate Village Owners Association, Inc.'s (the "Association") competing claims for quiet title to two undeveloped acres of land (the "Undeveloped Area") within the Condominium Development and a declaratory judgment setting forth any remaining development rights in the Undeveloped Area reserved by Declarant in the Declaration.

The first of Declarant's two points on appeal claims the circuit court erred in concluding Declarant is prohibited from creating or constructing additional units within the Undeveloped Area due to the expiration of Declarant's development rights. Declarant's second point claims the circuit court erred by quieting title to the Undeveloped Area to the unit owners of the Condominium Development instead of in Declarant's favor. We find no merit in either point and affirm the judgment of the circuit court.

**Standard of Review**

"A judgment is presumed correct, and the party challenging the judgment bears the burden of proving it erroneous." ***Lands' End Props., LLC v. Grand Meridian Condo. Owners' Ass'n, Inc.***, 711 S.W.3d 566, 570 (Mo. App. S.D. 2025). "In this court-tried case, our review is governed by Rule 84.13(d) and *Murphy v. Carron*, 536 S.W.2d 30, 31-32 (Mo. banc 1976)." ***Id.*** We must affirm the judgment "unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." ***Id.*** (citing ***Ivie v. Smith***, 439 S.W.3d 189, 198-99 (Mo. banc 2014)).

"When considering whether the court misapplied the law, we review the court's legal conclusions and application of law to the facts *de novo*." ***Id.*** Our *de novo* review

also applies to the interpretation of statutes and the language of a condominium declaration. *Id.* at 570-71.

## Factual Background and Procedural History

"[W]e view the evidence and any reasonable inferences therefrom in the light most favorable to the court's decision and disregard all contrary evidence and inferences." *Id.* (quoting *In re C.C.S.*, 393 S.W.3d 105, 108 (Mo. App. W.D. 2013)). Viewed in that light, the applicable facts are as follows.

When Declarant created the Condominium Development in 2004, it intended (as evidenced on the plans submitted to City in 2003) to construct eleven buildings -- nine for office condominium units and two for retail condominium units. Declarant elected to construct the Condominium Development in stages, and the original plat contained only one building that would house four office units.

Each time that Declarant completed the construction of a new building, it filed an amended plat of the Condominium Development depicting the newly constructed building(s). A total of eighteen plats were filed by Declarant affecting the Condominium Development.[1] The most recent plat, filed in 2010, depicts the two buildings constructed for retail units, along with six of the nine originally-planned buildings housing office units, a total of eight buildings. Declarant has sold all 34 units depicted on the most recent plat.

This appeal involves Declarant's recent attempt to construct either three one-story buildings (as Declarant originally intended) or a single four-story building on the Undeveloped Area of the Condominium Development (the "Proposed Units"). In 2020,

---

[1] Some of the amended plats were replats of existing units and were not filed to encompass recently constructed units.

when the unit owners and the Association became aware that Declarant had received City's approval to construct a four-story building, the Association filed suit against Declarant. The Association contended that the Undeveloped Area of the Condominium Development is a common element owned by the unit owners and any development rights that Declarant had possessed expired due to the terms of the Declaration. At trial, Declarant contended that it still owned the Undeveloped Area in fee simple, but even if the unit owners owned the Undeveloped Area, Declarant could still exercise its reserved development rights as set forth in the Declaration.

After that bench trial was completed, the circuit court entered its judgment in favor of the Association that declared the Undeveloped Area was owned in common by the unit owners, not by Declarant, on the ground that Declarant's right to develop the Proposed Units in the Undeveloped Area expired on June 9, 2014, due to the ten-year time limit that Declarant placed on its development rights found in section 10.2 of the Declaration. As applicable here, section 10.2 of the Declaration provides: "In accordance with and subject to the [UCA], the Declarant reserves the right, but shall not have the obligation, until ten (10) years from the date of the recording of this Declaration . . . [t]o create up to sixty (60) Office Units in up to ten (10) Office Buildings[.]" The parties do not dispute that section 10.2 limited Declarant's reserved development rights to ten years. Declarant, however, argues that the Proposed Units were "created" before Declarant's development rights expired in 2014.

To support that argument, Declarant claims the ten-year limitation did not require Declarant to substantially construct the Proposed Units before the time limit expired. Instead, Declarant argued that all it had to do before the end of the ten-year deadline was

4

to "describe the rights that the declarant reserves[,]"which it identified as "reserv[ing] the right to create units[.]"  Declarant asserts that the Proposed Units were legally "created" by the 17 amended plats that Declarant had filed prior to the expiration of its development rights and by installing utility infrastructure necessary to support the contemplated building(s).

Of the 17 amended plats filed in the real estate records, none depict either three one-story office buildings or a single four-story building.

**Analysis**

*Point 2*

We address Point 2 first because it challenges the circuit court's judgment quieting title to the Undeveloped Area in the unit owners as a common element of the Condominium Development.  That point claims:

> The trial court erred in failing to quiet title to the [Undeveloped Area] in [Declarant] on the basis of equity, because the judgment is against the weight of the evidence, in that the evidence shows that the Association acknowledged that [Declarant] owned the disputed land, it requested [Declarant] to remove homeless people and trash from it, it allowed [Declarant] to mow and maintain it, all the while saying nothing until [Declarant] broke ground on the four-story building project, to [Declarant]'s damage.

We are unable to reach the merits of this claim because the argument section of Declarant's brief fails to satisfy the mandatory requirements set forth in Rule 84.04(e).[2]

"An argument that fails to comply with Rule 84.04(e) preserves nothing for appeal."  ***Auman v. Richard***, 672 S.W.3d 277, 283 (Mo. App. W.D. 2023) (quoting ***Washington v. Blackburn***, 286 S.W.3d 818, 822 (Mo. App. E.D. 2009)).  Under Rule 84.04(e), the argument section "must provide sufficient analytical support for the claim of

---

[2] Unless otherwise indicated, all rule references are to Missouri Court Rules (2025).

5

reversible error." ***Id.*** (quoting ***Crowley v. Clarcor/Gen. Elec. & Treasurer***, 655 S.W.3d 778, 786 (Mo. App. W.D. 2022)). "The argument should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case." ***Johnson v. Buffalo Lodging Assocs.***, 300 S.W.3d 580, 582 (Mo. App. E.D. 2009).

"If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." ***Id.*** "If a point is not a matter of first impression and precedent is available, with limited exceptions, the appellant must cite to authority if [the appellant] wishes to prevail." ***Id.*** (quoting ***Donovan v. Temp. Help***, 54 S.W.3d 718, 720 (Mo. App. E.D. 2001)). The appellant's "argument must tie the legal principles together with the facts at hand in order to make their argument." ***Sharp v. All-N-One Plumbing***, 612 S.W.3d 240, 245 (Mo. App. W.D. 2020).

Here, Declarant's second point asserts it should have prevailed "on the basis of equity[.]" Despite that claim, Declarant's brief fails to cite any case that resolved a quiet-title dispute "on the basis of equity[.]" In fact, the only legal citation mentioned in Declarant's argument on Point 2 relies on the theory of estoppel, a theory that is not asserted in Point 2. *See* ***Hawley v. Tseona***, 453 S.W.3d 837, 842 n.6 (Mo. App. W.D. 2014) ("Issues that are raised only in the argument portion of the brief and are not contained in the point relied on are not preserved for appellate review") (quoting ***Manzella v. Dir. of Revenue***, 363 S.W.3d 393, 395 (Mo. App. E.D. 2012)). In the absence of relevant legal authority, Declarant's argument provides only statements of fact, many of which are asserted without a citation to the record, a violation of Rule

6

84.04(e). *See Auman*, 672 S.W.3d at 281 ("With respect to factual assertions in an argument section, Rule 84.04(e) provides: 'All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits'").

We are not permitted to act as Declarant's advocate by crafting an argument that would satisfy Rule 84.04(e). Because Declarant has not developed Point 2 by showing the interaction between the relevant principles of law and the facts of the case, we deem Point 2 abandoned. *See Murphy v. Steiner*, 658 S.W.3d 588, 593 (Mo. App. W.D. 2022) ("When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned") (quoting *Tavacoli v. Div. of Emp. Sec.*, 261 S.W.3d 708, 710 (Mo. App. W.D. 2008)).

*Point 1*

Point 1 claims:

> The trial court erred by declaring that § 10.2 of the Declaration of Condominium "restricts and prohibits" [Declarant] "from creating additional office units or constructing additional office buildings or improvements of any kind in [the Undeveloped Area]," because the court erroneously applied the law, in that
>
> (a)     the court conflated creation of office units with developing the property, and
>
> (b)     [Declarant] had exercised its development rights to create additional office units long before the June 9, 2014, deadline by amending the plat 17 times, which served to amend the Declaration, and by installing utilities infrastructure required by the City of Springfield in order to prepare [the Undeveloped Area] for future development.

We disagree.

7

Because "[c]ondominium ownership is a creature of statute[,]" we look to the "Uniform Condominium Act, § 448.1-101 *et seq*. ('UCA') [that] applies to all condominiums created in Missouri after September 28, 1983." ***Haines v. Branson Cabin Rentals, LLC***, 635 S.W.3d 172, 174-75 (Mo. App. S.D. 2021) (internal citation omitted). Under the UCA, a condominium developer may reserve development rights within the common elements so long as the declaration contains "[a] description of any development rights and other special declarant rights reserved by the declarant, together with a legally sufficient description of the real estate to which each of those rights applies, and a time limit within which each of those rights shall be exercised." Section 448.2-105.1(8).[3] Here, Declarant did so in section 10.2 of the Declaration, which states, "In accordance with and subject to the [UCA], the Declarant reserves the right, but shall not have the obligation, until ten (10) years from the date of the recording of this Declaration . . . [t]o create up to sixty (60) Office Units in up to ten (10) Office Buildings" in the Undeveloped Area.

The circuit court concluded that Declarant's development rights expired June 9, 2014, ten years after the Declaration was recorded on June 9, 2004. Declarant does not challenge that conclusion on appeal. Instead, Declarant argues the circuit court erred in erroneously applying the law because the Proposed Units were legally created prior to the expiration of Developer's development rights by the amended plats Declarant filed and the utility infrastructure Declarant installed. Again, we look to the UCA to determine if, and when, Declarant legally "created" the Proposed Units.

---

[3] Unless otherwise indicated, all statutory references are to RSMo 2016.

"To exercise any development right reserved under subdivision (1) of section 448.2-105, the declarant shall prepare, execute, and record an amendment to the declaration and comply with section 448.2-109." Section 448.2-110.1. "Upon exercising any development right, the declarant shall record . . . new plats and plans necessary to conform to the requirements of subsections 1, 2, and 4 of this section[.]"[4] Section 448.2-109.6. "Plats and plans are a part of the declaration." Section 448.2-109.1. Further,

> No . . . amendment to a declaration adding units to a condominium shall be recorded *unless all structural components and mechanical systems of all buildings containing or comprising any units thereby created are substantially completed in accordance with the plans*, as evidenced by a recorded certificate of completion executed by a registered and licensed engineer or architect.

Section 448.2-101.2 (emphasis added).

Accordingly, we conclude that the circuit court did not err in applying the law because the Proposed Units were never legally "created" through the declaration amendment process contemplated by the UCA. Although Declarant directs us to the numerous amended plats that Declarant filed -- which amended the Declaration for the units depicted therein -- none of them depict the Proposed Units, nor could they. Again, under section 448.2-101.2,

> No declaration or amendment to a declaration adding units to a condominium shall be recorded unless all structural components and mechanical systems of all buildings containing or comprising any units thereby created are substantially completed in accordance with the plans, as evidenced by a recorded certificate of completion executed by a registered and licensed engineer or architect.

Declarant has not presented for our review a recorded certificate of completion evidencing that the Proposed Units have been substantially completed. Further,

---

[4] As they are not relevant to this appeal, we do not recite subsections 1, 2, and 4 of section 448.2-109.6 for purposes of brevity.

9

Declarant has not directed us to any provision in the Declaration or the UCA that relates to the installation of utility infrastructure as "creating" additional units within a development.

We conclude that the circuit court did not erroneously apply the law in declaring that section 10.2 of the Declaration "restricts and prohibits" Declarant from creating or constructing "buildings or improvements of any kind" in the Undeveloped Area. Point 1 is denied, and the well-reasoned judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS