Anna HARDNETT, Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 93988.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 22, 2010.

Anna Hardnett, St. Louis, MO, pro se.

Jeannie Desir Mitchell, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Judge.

Anna Hardnett ("Hardnett") appeals the Labor and Industrial Relations Commission's ("the Commission") decision to reduce her unemployment benefits. We dismiss Hardnett's appeal for failure to comply with Missouri Supreme Court Rule 84.04.

## I. BACKGROUND

Hardnett, a former employee for Western Union, filed a claim for employment benefits at a rate of $320 per week. However, on August 25, 2009, the Division of Employment Security ("the Division") sent Hardnett a determination that her benefits would be reduced because she was receiving a pension from Western Union. Hard-

nett appealed the reduction of benefits to the Division's Appeals Tribunal ("the Appeals Tribunal"), and requested a hearing. After the hearing, the Appeals Tribunal upheld the decision to reduce Hardnett's benefits. Hardnett appealed to the Commission which affirmed and adopted the decision of the Appeals Tribunal. Hardnett appeals.

## II. DISCUSSION

■ Hardnett argues that the Commission erred in affirming the decision of the Appeals Tribunal. However, Hardnett's brief falls short of the requirements of Rule 84.04 and therefore we dismiss her appeal.

■ "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Ward v. United Eng'g Co.*, 249 S.W.3d 285, 287 (Mo.App. E.D.2008) (quoting *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo.App. W.D.2004)). Failure to comply with the rules of appellate procedure is a proper basis for dismissing an appeal. *Steltenpohl v. Steltenpohl*, 256 S.W.3d 597, 598 (Mo.App. W.D. 2008).

Rule 84.04(c) requires that "the statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." However, Hardnett's statement of facts is a paragraph that includes few of the facts in the case, but rather outlines the decisions of similar cases in the past against Union Electric where the outcome was different than that of her case.

Further, Rule 84.04(i) requires that both the statement of facts and the argument section have specific page references to the legal file or the transcript. "This require-

ment is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if the factual assertions in the brief are supported by the record." *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 868 (Mo.App. W.D.2008). "To do so would effectively require the court to act as an advocate for the non-complying party." *Id.* Hardnett has not included any specific page references in either her statement of facts or her argument section.

■ Finally, Hardnett cites no legal authority in her argument section. If a party does not cite legal authority and does not explain why it fails to do so, then the party is deemed to have abandoned that point. *Donovan v. Temporary Help*, 54 S.W.3d 718, 720 (Mo.App. E.D.2001).

## III. CONCLUSION

Because of her substantial failure to comply with Rule 84.04, Hardnett's brief preserves nothing for our review. The appeal is dismissed.

KENNETH M. ROMINES, C.J., and THOMAS J. FRAWLEY, SP. J., concur.