Robert MOSELEY, Appellant,

v.

GRUNDY COUNTY DISTRICT R–V SCHOOL and Division of Employment Security, Respondents.

No. ED 94192.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 24, 2010.

Robert C. Moseley, Arbela, MO, pro se.

Grundy Co. District R–V School Galt, MO, pro se.

Shelly A. Kintzel (Div. of Employment Security), Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Judge.

### *Introduction*

Dr. Robert Moseley (Claimant) appeals *pro se* from the decision of the Labor and Industrial Commission (Commission), affirming the decision of the Appeals Tribunal denying him unemployment benefits. We dismiss Claimant's appeal because his brief fails to comply with Rule 84.04 so substantially that we are unable to review this appeal.[1]

### *Discussion*

We hold *pro se* appellants to the same standards as attorneys regarding Rule 84.04's mandatory briefing rules. *Johnson v. Buffalo Lodging Assocs.*, 300 S.W.3d 580, 581 (Mo.App. E.D.2009). "While we prefer to dispose of a case on the merits whenever possible, if the deficiencies in the brief are such that no claims are preserved for appellate review, then we must dismiss." *Richardson v. Meritorious Care, Inc.*, 307 S.W.3d 684,

---

1. All references to the rules of civil procedure are to Missouri Supreme Court Rules (2010).

684 (Mo.App. E.D.2010); *see also* Rule 84.13(a). Due to Claimant's substantial failure to comply with the briefing requirements of Rule 84.04, we are compelled to dismiss his appeal.

■ First, Claimant failed to provide an adequate statement of facts. "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Additionally, a statement of facts may not contain facts outside the record, and each factual statement "shall have specific page references to the legal file or the transcript." Rule 84.04(i); *see Buffalo Lodging*, 300 S.W.3d at 581. "Rule 84.04(i)'s requirement that the appellant support factual statements in its brief with record citations is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *Buffalo Lodging*, 300 S.W.3d at 581 (quotation omitted).

Here, Claimant's statement of facts is argumentive, incomplete, and contains statements contradicted by the record.[2] More significantly, Claimant fails to include a single citation to the record in his statement of facts. Claimant's failure to comply with Rule 84.04's mandatory requirements regarding the statement of facts is grounds, in itself, to dismiss this appeal. *See id.*

■ Second, Claimant's point on appeal fails to adhere to the requirements of Rule 84.04(d)(2). Under Rule 84.04(d)(2), a point on appeal shall: (1) identify the administrative ruling or action the appellant challenges; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why those legal reasons, in the context of the case, require reversal. Rule 84.04(d)(2)(A)–(C); *Buffalo Lodging*, 300 S.W.3d at 582. "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Buffalo Lodging*, 300 S.W.3d at 582 (quoting *Kuenz v. Walker*, 244 S.W.3d 191, 193 (Mo.App. E.D.2007)). When confronted with a deficient point relied on, it is not proper for this court "to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances" because "[t]o do so would cast the court in the role of an advocate for the appellant, which we cannot be." *Boyd v. Boyd*, 134 S.W.3d 820, 823–824 (Mo.App. W.D.2004).

Claimant's sole point on appeal reads:

THE LABOR AND INDUSTRIAL RELATIONS COMMISSION ERRED IN REVERSING THE DECISION OF THE APPEAL TRIBUNAL WHICH FOUND THAT THE CLAIMANT WAS NOT ENTITLED TO BENEFITS BECAUSE (SEE R.S.MO. 288.050.1 AND 288.050.2).(A) THE COMMISSION ACTED IN EXCESS OF ITS AUTHORITY FAILING TO

---

**2.** For instance, Claimant alleged in his facts that "the Principal told [Claimant] that he could accept the recommendation as it would be submitted to the Board, which they will accept, or submit a resignation which I (the Principal) will have to have in hand prior to the Board meeting. At no point, contrary to the Appeals Tribunal 'Findings of Fact' was the idea ever mentioned by the administrator that 'Claimant had the option of going before the board to address retention of his employment.'" The record, however, reveals that Claimant expressly admitted that the Principal explained to him that it was his "option" to either "resign" or "go before the board" and that it is the Board's decision whether to discharge Claimant and that they are not required to follow the Principal's recommendation.

ACKNOWLEDGE THAT CLAIMANT WAS AN INSURED WORKER IN MAILING OF 06–05–2009; (B) THE FACTS OF THE OPERATION OF A SCHOOL DISTRICT AND ITS DELEGATION OF RESPONSIBILITIES GIVEN ADMINISTRATORS BY THE BOARD OF EDUCATION WERE APPARENTLY NOT GIVEN CONSIDERATION; (C) THE FACTS SEEM TO CHANGE WITH EACH STEP MADE IN THE APPEALS PROCESS; (D) THE APPELLANT WAS UNEMPLOYED AND WAS ELIGIBLE FOR BENEFITS.[3]

Claimant's point on appeal appears to raise four independent issues for our review. Each issue fails to state a legal reason for reversal or explain why, in the context of this case, those reasons constitute reversible error. *See id.* Claimant's point relied on, which fails to comply with the requirements of Rule 84.04(d)(2), preserves nothing for appeal. *See Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo.App. E.D. 2009).

■ Third, the argument section in Claimant's brief violates the requirements of Rule 84.04(e). "The argument shall be limited to those errors included in the 'Points Relied On.'" Rule 84.04(e). Additionally, an appellant is required to provide relevant and available legal authority in the argument or explain why such authority is not available. *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 868 (Mo.App. W.D. 2008). Having provided such authority, the appellant must explain in the argument why, in the context of the case, the law supports the claim of reversible error. *In*

*re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo.App. E.D.2007). If an appellant fails to support his or her claim of error beyond mere conclusions, the point is considered abandoned. *Id.*

■ Claimant's argument section runs afoul of all of the above-mentioned requirements. First, it includes contentions beyond the scope of those included in the point relied on.[4] Second, Claimant only provides legal authority for two of the four contentions raised in his point. Claimant neglects to explain the absence of relevant legal authority, and, regarding the two cases Claimant cites, he fails to describe the facts or applicable holdings of those cases or how those cases are applicable here. Last, Claimant's argument section is divided into four sections, each relating to one of the four contentions raised in his point relied on. Each section, however, contains only a brief summary of facts (all of which lack citation and some of which go beyond the scope of the record) followed by a conclusory opinion, or in some sections, no discernable conclusion at all. As with Claimant's deficient statement of facts and point relied on, his failure to comply with Rule 84.04(e)'s requirements regarding the argument is grounds for dismissal of his appeal. *Lueker*, 241 S.W.3d at 868.

Finally, Claimant's brief violates Rule 84.04(h), in that it does not include or is not accompanied by an appendix that includes a copy of the decision in question and the complete text of all statutes claimed to be controlling as to a point on appeal. Violation of Rule 84.04(h) may also merit dismissal of an appeal. *See*

---

3. We note that Claimant's point on appeal is inherently flawed because, contrary to Claimant's assertion of error, the Labor and Industrial Relations Commission *affirmed* the Appeals Tribunal's decision denying Claimant unemployment benefits.

4. For example, Claimant contends at one point that he was entitled to unemployment benefits because he was "constructively discharged" from his previous employment, which was never mentioned in the point relied on.

*Anderson v. American Family Mut. Ins. Co.,* 173 S.W.3d 356, 358 (Mo.App. W.D. 2005).

### Conclusion

Given the pervasiveness of Claimant's violations of Rule 84.04's mandatory briefing requirements, Claimant failed to preserve any claim for review and we dismiss Claimant's appeal.

. GARY M. GAERTNER, JR., P.J. and MARY K. HOFF, J., Concur.