Michael STUDT, Appellant,

v.

FASTENAL COMPANY AND DIVISION OF EMPLOYMENT SECURITY, Respondents.

No. ED 94439.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 16, 2010.

Michael Studt, Pacific, MO, pro se.

Fastenal Company, Winona, MN, pro se.

Michael Pritchett, Jefferson City, MO, for respondents.

NANNETTE A. BAKER, Judge.

### Introduction

Michael Studt ("Claimant") appeals *pro se* from the decision of the Labor and Industrial Relations Commission ("the Commission") finding him disqualified for unemployment benefits. We must dismiss Claimant's appeal because his brief fails to comply with Rule 84.04.[1]

### Discussion

We hold *pro se* appellants to the same standards as licensed attorneys regarding the mandatory briefing requirements of Rule 84.04. *Moseley v. Grundy County Dist. R–V Sch.*, 319 S.W.3d 510, 511 (Mo. App. E.D.2010). We apply this principle not due to a lack of sympathy for a *pro se* appellant but because it "is necessary to assure judicial impartiality, judicial econo-

---

1. All further statutory references are to RSMo 2000.

1. All rule references are to Mo. Sup.Ct. R. (2010), unless otherwise indicated.

my, and fairness to all parties." *Hankins v. Reliance Auto., Inc.,* 312 S.W.3d 491, 494 (Mo.App. E.D.2010). Compliance with Rule 84.04 by all appellants is necessary to ensure that the record and arguments are sufficiently developed such that "appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Hardnett v. Div. of Employment Sec.,* 314 S.W.3d 397, 398 (Mo.App. E.D.2010) (internal citation omitted). A failure to comply with the requirements of Rule 84.04 is a proper basis for this court to dismiss an appeal. *Id.* Because Claimant's brief fails to comply with multiple requirements imposed by Rule 84.04, we dismiss his appeal.

First, Claimant's brief does not contain an adequate statement of facts. Rule 84.04(i) requires that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." This requirement is "mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *Moseley,* 319 S.W.3d at 512 (internal citation omitted). Here, Claimant's statement of facts does not contain a single reference to the legal file or transcript. Claimant's failure to provide an adequate statement of facts is sufficient grounds for our dismissal of Claimant's appeal. *Id.*

Second, the argument section of Claimant's brief is inadequate. As with the statement of facts, the argument section does not contain the page references to the legal file or transcript required by Rule 84.04(i). Claimant's argument section is also deficient because it fails to include an applicable standard of review as required by Rule 84.04(e). Furthermore, a proper argument section must include relevant legal authority or explain why it fails to cite applicable authority. *Hardnett,* 314 S.W.3d at 398. An appellant must "explain in the argument why, in the context of the case, the law supports the claim of reversible error." *Moseley,* 319 S.W.3d at 513. Here, Claimant's argument contains little citation to relevant authority beyond reprinting a dissenting opinion filed by a member of the Commission and fails to show how the law and the facts interact to support his claims. Therefore, Claimant's argument section preserves nothing for review. *Hankins,* 312 S.W.3d at 495.

Finally, Claimant's brief is deficient because he failed to include a full copy of the Commission's decision from which he appeals in his brief or in an appendix to his brief. *Moseley,* 319 S.W.3d at 513. Rule 84.04(h) dictates that a "party's brief shall contain or be accompanied by an appendix containing ... [t]he judgment, order, or decision in question[.]" Claimant's failure to comply with Rule 84.04(h) also merits dismissal of his appeal. *Moseley,* 319 S.W.3d at 513.

### Conclusion

Because he did not comply with multiple requirements imposed by Rule 84.04, Claimant failed to preserve his claims for review and we dismiss his appeal.

KURT S. ODENWALD, P.J., and ROBERT G. DOWD, JR., J., concur.