THE ADVISORY GROUP USA, LC and Zerjav & Company, LC, Respondents,

v.

Maurice MINER, Appellant.

No. ED 96087.

Missouri Court of Appeals, Eastern District, Division Three.

April 24, 2012.

Maurice Miner, Glen Carbon, IL, pro se.

Vincent D. Vogler, Jr., St. Louis, MO, for Respondent.

Before ROBERT G. DOWD, JR., P.J. and MARY K. HOFF and SHERRI B. SULLIVAN, JJ.

PER CURIAM.

Maurice G. Miner ("Appellant") appeals *pro se* from the judgment of the trial court awarding Advisory Group USA, L.C. and Zerjav and Company, L.C. ("Respondents") damages in the amount of $2,244.00, attorney fees in the amount of $250.00, and court costs. We dismiss Appellant's appeal for failure to comply with Rule 84.04.[1]

Appellant's amended brief is deficient in numerous respects and preserves nothing for review.[2] Rule 84.04 sets forth mandatory rules for appellate briefing. *Duncan–Anderson v. Duncan*, 321 S.W.3d 498, 499 (Mo.App. E.D.2010). An appellant's failure to conform to the mandates of Rule 84.04 results in unpreserved allegations of error and constitutes grounds for dismissal

---

2. This court struck Appellant's initial brief for failure to conform to Missouri Supreme Court Rules 84.04 and 84.06.

of the appeal. *Id.* Compliance with these requirements is mandatory to ensure appellate courts do not become advocates by speculating on facts and on arguments that have not been made. *City of Lee's Summit v. Cook,* 337 S.W.3d 757, 758 (Mo.App. W.D.2011). This court holds *pro se* appellants to the same standards as attorneys. *Duncan–Anderson,* 321 S.W.3d at 499.

Appellant raises six points on appeal, however, only his first two points assert errors of the trial court. Appellant's Points III, IV, V, and VI allege errors made by Advisory Group and thus do not comply with Rule 84.04(d) which requires a point relied on to identify what actions or rulings of the court appellant is challenging. An appellate court reviews trial court error only. *Egnatic v. Nguyen,* 113 S.W.3d 659, 675 (Mo.App. W.D.2003). Therefore, these points preserve nothing for our review. Accordingly, we dismiss Appellant's Points III, IV, V, and VI.

Although Appellant's Points I and II allege trial court error, they also fail to comply with Rule 84.04 and likewise preserve nothing for review. Rule 84.04(d) requires, in addition to identifying the trial court ruling or action that the appellant challenges, appellant to state concisely the legal reasons for the appellant's claim of reversible error; and explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Appellant's points do not comply with 84.04(d). Additionally, Appellant makes no argument and does not attempt to develop his allegations of error as required by Rule 84.04(e). Rather, Appellant merely restates the points in the argument section and lists several cases with-

out any citations. If a contention is not supported with argument, it is considered abandoned. *City of Lee's Summit* 337 S.W.3d at 759. Accordingly, we dismiss Appellant's Points I and II.

This court's preference is to decide an appeal on the merits, but when a brief is so defective as to require this court to hypothesize about a movant's argument and precedential support for it, the merits cannot be reached. *Id.* It is not possible for us to reach the merits without becoming an advocate for Movant and this we cannot do. *See In re Marriage of Fritz,* 243 S.W.3d 484, 489 (Mo.App. E.D.2007); *see also Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

Because Appellant's brief fails to comply with the rules of civil procedure so substantially, his brief preserves nothing for our review.[3] Accordingly, we dismiss this appeal for failure to comply with Rule 84.04.

---

3. Appellant's brief does not contain a concise statement of the grounds on which jurisdiction of this court is invoked. Rule 84.04(b). Appellant's brief does not contain "a fair and concise statement of facts relevant to the questions presented for determination with-

out argument." Rule 84.04(c). Appellant's brief fails to support each of his factual statements with citations to the legal file or transcript. Rule 84.04(i) Appellant's brief fails to set forth the applicable standard of review. Rule 84.04(e).