

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| JOHN J. SMITH, | ) | No. ED99868 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Hon. David B. Tobben |
| LORA J. SMITH, | ) | |
| | ) | Filed: |
| Respondent. | ) | February 25, 2014 |

John J. Smith ("Appellant") appeals from the judgment dismissing with prejudice his petition for declaratory judgment, in which he sought to have the 2007 judgment dissolving his marriage to Lora J. Smith ("Respondent") declared void. Respondent has filed a motion to dismiss the appeal, arguing that Appellant has failed to comply with Rule 84.04 and Rule 81.12. We agree and dismiss the appeal.

Appellant claims to be an attorney and is representing himself in this matter. Attorneys and non-attorneys alike are held to the same strict standards for compliance with the briefing requirements in Rule 84.04. Studt v. Fastenal Co., 326 S.W.3d 507 (Mo. App. E.D. 2010). Insistence on strict compliance with the rules of appellate procedure is "necessary to assure judicial impartiality, judicial economy, and fairness to all parties." Id. at 507-08. A deficient brief would require the court to become an advocate by speculating on facts and errors and making arguments that have not been made, which is to be avoided. See The Advisory Group USA, LC v. Miner, 365 S.W.3d

615, 616 (Mo. App. E.D. 2012). Failure to comply with the rules preserves nothing for review and is a proper basis for the Court to dismiss an appeal. See id. at 615-16; see also Studt, 326 S.W.3d at 508.

As Respondent alleges in her motion, there are numerous violations of Rule 84.04 in Appellant's brief. First, the Statement of Facts is not "fair and concise." Rule 84.04(c). It contains numerous facts that are seemingly irrelevant to the questions presented and that are argumentative. For example, Appellant asserts as fact: "The intentional falsely made finding by the trial judge [in the dissolution case, not in the case being appealed] made falsely and untruthfully impugns Appellant's reputation, both personally and professionally, for honesty, integrity and ethical behavior as an attorney as it is a clear, explicit and untrue statement that the gross wages asserted in Appellant's Statement of Income and Expenses was lower than his paystub." The Statement of Facts may contain only those facts "relevant to the questions presented for determination without argument." Id. Moreover, many facts are asserted without "specific page references to the relevant portion of the record on appeal." Id. Because of these violations, the Statement of Facts wholly fails to set forth "an immediate, accurate, complete, and unbiased understanding of the facts of the case." Waller v. A.C. Cleaners Management, Inc., 371 S.W.3d 6, 10 (Mo. App. E.D. 2012).

Likewise, Appellant's Point Relied On violates Rule 84.04(d). Appellant asserts in his sole point on appeal that the trial court erred in entering the judgment dismissing his case and then sets forth several more allegations of error in the part of the point that should "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d). This includes several claims that

2

the trial court incorrectly applied the law and repeated assertions that the trial court abdicated its duty to rule on pending motions. When an appellant makes the entire judgment one error and then lists multiple grounds therefore, the point contains multiple legal issues in violation of Rule 84.04(d). See In re Marriage of Fritz, 243 S.W.3d 484, 486-87 (Mo. App. E.D. 2007). "Multifarious points preserve nothing for review." Id.

The Argument portion of a brief can sometimes save a case from dismissal if it can correct the deficiencies found elsewhere. In this case, however, the Argument makes matters worse. It is unduly repetitive, convoluted and disorganized—probably due to the combination of multiple issues being raised in one point. As a result, the arguments are difficult to decipher. Moreover, the argument contains many unsupported conclusions without explanation as to how the principles of law cited interact with the facts of the case. We are not required to search through this lengthy argument and the record on our own to garner a better understanding of the case and make Appellant's arguments for him. See In re Marriage of Weinshenker, 177 S.W.3d 859, 863 (Mo. App. E.D. 2005). Nothing has been preserved for review under these circumstances. See Carlisle v. Rainbow Connection, Inc., 300 S.W.3d 583, 585-86 (Mo. App. E.D. 2009).

Finally, Respondent points out that transcripts from two hearings referenced in Appellant's brief were not included in the record on appeal. They appear from the docket sheets to have been hearings on the Respondent's motion to dismiss the petition and Appellant's motion for summary judgment. To the extent that one of the issues in his Point Relied On appears to be the trial court's refusal to rule on or grant summary judgment, the failure to include the transcript of the hearing on that motion may have

precluded appellate review of that issue. Taken together, the briefing deficiencies and incomplete record on appeal warrant dismissal.

Respondent's motion to dismiss the appeal is granted. The appeal is dismissed.

ROBERT G. DOWD, JR., Judge

Lawrence E. Mooney, P.J. and
Sherri B. Sullivan, J., concur.