

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| DON F. EBERHARDT, | ) | No. ED108419 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 19SL-CC00705 |
| | ) | |
| AURA M. HAGEMANN EBERHARDT | ) | Honorable Kristine A. Kerr |
| | ) | |
| Respondent. | ) | FILED:  August 25, 2020 |

## OPINION

Don F. Eberhardt ("Appellant") appeals *pro se* from the trial court's Order and Judgment ("Judgment") dismissing with prejudice his petition ("Petition") against Aura M. Hagemann Eberhardt ("Respondent") for claims of fraud, perjury, bigamy, fraudulent concealment, fraudulent misrepresentation, unjust enrichment, and identity fraud. The trial court dismissed the Petition on the grounds that it failed to state a claim, and that the issues raised therein were *res judicata*. Respondent has filed a motion to strike Appellant's brief and to dismiss the appeal, alleging numerous violations of Rule 84.04. We agree that Appellant's brief materially fails to comply with the briefing requirements of Rule 84.04, and we therefore dismiss this appeal.

### Factual and Procedural Background

On February 22, 2019, Appellant, acting *pro se*, filed his Petition in the trial court which alleged claims of fraud, perjury, bigamy, fraudulent concealment, fraudulent misrepresentation,

unjust enrichment, and identity fraud against Respondent under a single heading that read "Causes of Action for Declaratory Relief." The Petition noted that Appellant sought an annulment of his marriage to Respondent which occurred on March 6, 1996, an "annulment of divorce," an injunction to prevent Respondent from using Appellant's surname, and money damages in the amount of two million dollars.

On July 29, 2019, Respondent filed a Motion to Dismiss the Petition pursuant to Rule 55.27(a)(6) asserting that it failed to state a claim upon which relief could be granted. Specifically, Respondent argued that the Petition failed to allege the required elements of Appellant's causes of action as well as the facts to support those required elements. Respondent further argued that the issues raised in the Petition were *res judicata* because they had previously been raised and decided by the Seventh Judicial Circuit Court of Sangamon County, Illinois in Case Number 2016-L-261. In support of this argument, Respondent filed a Statement of Uncontroverted Material Facts and supporting exhibits, which included a petition filed in the Illinois court on October 7, 2016 raising claims of fraud, bigamy, perjury, fraudulent concealment, and identity fraud, as well as a docket sheet showing that on January 19, 2017, the Illinois court dismissed the petition with prejudice.

On October 9, 2019, the trial court entered its Judgment, dismissing Appellant's Petition with prejudice "for the reasons cited in [Respondent]'s [M]otion" to dismiss. This appeal follows.

Discussion

We hold *pro se* appellants to the same standards as attorneys, and accordingly, *pro se* appellants must substantially comply with Supreme Court Rules, including Rule 84.04, which sets forth mandatory rules for appellate briefing. Green v. Green, 445 S.W.3d 642, 645 (Mo.

2

App. E.D. 2014). While we are mindful of the problems that *pro se* litigants face, judicial impartiality, judicial economy, and fairness to all parties mandate that we do not grant *pro se* appellants preferential treatment with regard to complying with the rules of appellate procedure. Carlisle v. Rainbow Connection, Inc., 300 S.W.3d 583, 584-85 (Mo. App. E.D. 2009). This is because a "deficient brief would require the court to become an advocate by speculating on facts and errors and making arguments that have not been made, which is to be avoided." Smith v. Smith, 455 S.W.3d 26, 26 (Mo. App. E.D. 2014). "Failure to comply with the rules preserves nothing for review and is a proper basis for the Court to dismiss an appeal." Id.

Here, Appellant's brief fails to conform with Rule 84.04 in several respects. First, Appellant's jurisdictional statement does not comply with Rule 84.04(b). A jurisdictional statement must "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of article V, section 3 of the Constitution upon which jurisdiction is sought to be predicated." Rule 84.04(b). Appellant's jurisdictional statement, however, asserts only that "[j]urisdiction over the parties and issues is proper, the statutes of limitation have not expired, the case is ripe, my claims are not barred by law, and this case is justiciable" before presenting several arguments contending that Respondent defrauded Missouri courts. Appellant makes no assertion as to the constitutional basis for this Court's jurisdiction, and therefore, his jurisdictional statement does not comply with Rule 84.04. Unifund CCR Partners v. Myers, 563 S.W.3d 740, 742 (Mo. App. E.D. 2018).

Second, Appellant's statement of facts does not comply with Rule 84.04(c). The "statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. All statement of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."

Rule 84.04(c). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." Carlisle, 300 S.W.3d at 585 (quoting In re Marriage of Weinshenker, 177 S.W.3d 859, 862 (Mo. App. E.D. 2005)). Here, Appellant's statement of facts contains a significant amount of argument, making several claims relating to the purported invalidity of his marriage to Respondent as well as Respondent's purported insincerity as to her reasons for entering into the marriage. In turn, Appellant makes statements of alleged fact relating to Respondent's "scheme" motivated by "greed" to obtain money through "serial sham marriages." Although Appellant makes two references to his appendix in his nearly seven-page statement of facts, neither these "facts" nor any others raised therein are supported with any reference or citation to the record. Because Appellant's statement of facts is argumentative and unsupported by citation to the record on appeal, Appellant fails to set forth "an immediate, accurate, complete, and unbiased understanding of the facts of the case." Smith, 455 S.W.3d at 27 (quoting Waller v. A.C. Cleaners Management, Inc., 371 S.W.3d 6, 10 (Mo. App. E.D. 2012)).

Third, Appellant's points relied on do not comply with Rule 84.04(d). When an appellate court reviews the decision of a trial court, each of the appellant's points must:

> (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. The point shall be in substantially the following form: The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].

Rule 84.04(d)(1) (internal quotations omitted). Here, we note initially that neither of Appellant's page-long points relied on follows the "mandatory 'erred in/because/in that' formula." Biggs by Next Friend Biggs v. Brinneman, 598 S.W.3d 697, 701 (Mo. App. S.D. 2020). "Given that a

4

template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on." Id. (quoting Scott v. King, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)). These points relied on suffer from more fundamental deficiencies, though. Appellant's first point relied on asserts that the trial court "erred in dismissing" his petition because it "wrongly accepted irrelevant and inadmissible *ex parte* documents" from his prior action in Illinois such that reliance on those documents "undermine[d] the fairness" of the proceeding. This point, however, does not indicate why the complained-of documents, filed with Respondent's Motion to Dismiss, were inadmissible or how reliance on the documents "undermine[d]" the proceeding. Appellant's first point articulates no "concise legal reason explaining how the trial court erred or why the law, in the context of the facts, supports [his] claim of reversible error." Green, 445 S.W.3d at 647. "A point that does not explain why the legal reasons support the claim of reversible error merits dismissal." Id. (quoting Jones v. Buck, 400 S.W.3d 911, 915 (Mo. App. S.D. 2013)). Appellant's second point relied on, in turn, contends that his marriage to Respondent is void because it was premised upon fraudulent misrepresentations by Respondent. This second point is deficient because in targeting and contesting the validity of his March 6, 1996 marriage to Respondent, it fails to identify a ruling by the trial court that Appellant challenges on appeal. Rule 84.04(d)(1).

Finally, Appellant's arguments contravene Rule 84.04(e). The argument portion of an appellate brief must:

> substantially follow the order set out in the points relied on, restate the point relied on at the beginning of any paragraph section discussing such point, include a concise statement of the applicable standard of review for each claim of error, and advise the court how the facts of the case and principles of law interact.

McGuire v. Edwards, 571 S.W.3d 661, 667 (Mo. App. E.D. 2019) (quoting Davis v. Long, 391 S.W.3d 532, 533 (Mo. App. E.D. 2013)) (internal quotations omitted). Here, neither argument

5

section provides the applicable standard of review. Additionally, much of Appellant's arguments are "legal conclusions [that] are not developed, lack legal analysis and supporting rationale, and are not linked to specific evidence in the case." Midtown Home Improvements, Inc. v. Taylor, 578 S.W.3d 793, 797-98 (Mo. App. E.D. 2019). Although Appellant quotes to several United States Supreme Court cases in his arguments, he fails to "identify or communicate any *specific* legal principle serving as the basis for any of [his] claims." Simanis v. Simanis, 597 S.W.3d 735, 739 (Mo. App. S.D. 2020). Likewise, Appellant does not support any of his arguments with citation to relevant Missouri authority, and he provides no explanation as to "how the principles of law and the facts of the case interact." King v. King, 548 S.W.3d 440, 443 (Mo. App. E.D. 2018). "The failure to provide those legal reasons and the factual context link between the alleged error and the asserted legal reasons for such error leaves both this court and [Respondent] 'guessing at the nature of [Appellant's] argument." Simanis, 597 S.W.3d at 739 (quoting Waller v. Shippey, 251 S.W.3d 403, 406 (Mo. App. W.D. 2008)). As Appellant has failed to develop either of his two arguments, his points are deemed abandoned. See id. at 740 (quoting Johnson v. Buffalo Lodging Associates, 300 S.W.3d 580, 582 (Mo. App. E.D. 2009)) ("If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned.").

Although we will, if possible, review non-compliant briefs of *pro se* appellants *ex gratia* where the argument is readily understandable, in this case, any attempt by this Court to determine whether Appellant is entitled to relief would require us "to comb the record for support for [his] factual assertions, decipher [his] point on appeal, and locate legal authority for [his] argument." Wong v. Wong, 391 S.W.3d 917, 919-20 (Mo. App. E.D. 2013). "We simply cannot abandon our proper position of impartiality to assume instead the role of advocate."

<u>Green</u>, 445 S.W.3d at 648 (quoting <u>Shelter Mut. Ins. Co. v. Mitchell</u>, 413 S.W.3d 348, 353 (Mo. App. S.D. 2013)).

<u>Conclusion</u>

Because Appellant's brief so substantially fails to comply with the mandatory briefing requirements of Rule 84.04, it preserves nothing for our review. Accordingly, we dismiss this appeal.

_____
Mary K. Hoff, Judge

Colleen Dolan, Presiding Judge and Robert M. Clayton III, Judge: Concur