

# In the Missouri Court of Appeals
# Eastern District
### DIVISON FOUR

| | | |
|---|---|---|
| WALTER DOUGLAS, | ) | No. ED100039 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| ST. LOUIS COLD DRAWN, INC., | ) | Honorable Maura B. McShane |
| | ) | |
| Respondent. | ) | Filed: June 30, 2014 |

### *Introduction*

Walter Douglas (Plaintiff) appeals the trial court's judgment in favor of St. Louis Cold Drawn, Inc. (Defendant) on his action in negligence. Plaintiff claims the trial court erred in submitting to the jury Defendant's improper affirmative converse instruction. We affirm.

### *Factual and Procedural Background[1]*

Plaintiff, a truck driver, worked as an independent contractor for Tennessee Steel Haulers. On August 31, 2010, Plaintiff drove his tractor trailer to Defendant's premises where he worked with Defendant's employee, Mark Kelle, to load bundles of steel onto Plaintiff's trailer. Mr. Kelle was operating an overhead crane and Plaintiff was standing near the back of

---

[1] We view the evidence in the light most favorable to the submission of the affirmative converse instruction. See Walton v. City of Seneca, 420 S.W.3d 640, 645 (Mo.App.S.D. 2013).

his trailer, when the wire, which connected the spreader bar[2] to the crane, broke and the spreader bar fell.

After the incident, Plaintiff assured Defendant's employees that he was "fine" and did not require an ambulance. Plaintiff did not inform anyone that he had been struck by the spreader bar. After Defendant's employees finished loading Plaintiff's trailer, Plaintiff drove to Villa Ridge, Missouri, where he stopped for a shower and noticed increasing pain and tightness in his neck and right shoulder. Plaintiff decided to visit the emergency room at Phelps County Memorial Hospital, where doctors noted an "abrasion" on Plaintiff's right shoulder, ordered an x-ray and CT scan, and prescribed a neck collar and pain medication. The next day, Plaintiff drove his tractor trailer to Fredericksburg, Texas.

Plaintiff filed an action against Defendant alleging negligence and res ipsa loquitur and seeking damages for his injuries. In the petition, Plaintiff alleged that, as Mr. Kelle was operating the crane, "the cable and/or wire to the spreader bar which was attached to the overhead crane broke causing the bottom assembly and/or spread[er] bar to fall approximately fifteen (15) to twenty (20) feet onto Plaintiff's shoulder" and "Defendant was negligent and careless and breached its duty of care to the general public and Plaintiff and is liable for the damages resulting from Plaintiff being struck by the falling bottom assembly and/or spread[er] bar . . . ." Plaintiff averred that, as a result of Defendant's negligence in maintaining and operating the crane, Plaintiff suffered severe injuries to his head, back, and neck.

The trial court held a five-day jury trial. In his opening statement, Plaintiff's counsel informed the jury that the evidence would show that "[t]he crane hits [Plaintiff] on his right

---

[2] In the record on appeal, the spreader bar is variously referred to as the "spread bar," "boom," "I-beam," and "overhead crane." At trial, Plaintiff and Defendant's employee, Drago Lozina, estimated that the spreader bar weighed one ton, or 2,000 pounds.

2

shoulder. He stumbles over against the wall." Plaintiff testified that he was walking alongside the trailer when he heard "snap, crackle, pop; looked up; boom . . . . I was hit." Plaintiff explained, "I don't know which part [of the crane] hit me because my head was turned. . . . It hit me – jarred me – and I went up against the wall." When Plaintiff's counsel asked where on his body the spreader bar hit him, Plaintiff answered, "It hit me right across the shoulder here as I was ducking away." Plaintiff presented as witnesses several employees of Defendant, all of whom affirmed that the crane's wire broke but stated that Plaintiff neither appeared injured nor informed anyone that he had been hit by the spreader bar.

In support of the defense theory that the crane's failure did not cause the spreader bar to strike Plaintiff and cause his injuries, Defendant presented the deposition testimony of Gina Clarey, Tennessee Steel Haulers' dispatcher who spoke to Plaintiff immediately after the incident. Ms. Clarey stated that Plaintiff was "very upset" and told her that "something came down and all – I mean, it almost hit him. He never told me that it hit him." Defendant also presented the expert testimony of Dr. Richard Rende. Dr. Rende testified that he examined Plaintiff at Defendant's request, and Plaintiff informed him that "a metal I-beam, part of a crane, had – that was suspended by a cable had fallen, and he indicated that he was standing adjacent to his truck and that the I-beam struck his shoulder." However, Dr. Rende opined that, "if he were struck in the shoulder by a glancing blow, as they describe, I can't in my own mind see how the pathophysiology resulted in his developing a herniation that required surgery." Based on his examination of Plaintiff and review of Plaintiff's medical records, Dr. Rende concluded that Plaintiff "has two reasons to have neck problems. One is he [sic] degenerative spondylosis of the cervical spine. The other is he's a diabetic."

After the close of evidence, the trial court held an instructions conference, at which Plaintiff proffered the following verdict director, Instruction No. 8, modeled on MAI No. 22.03:

> Your verdict must be for plaintiff, if you believe:
> First, there was an overhead crane on defendant's premises that was not reasonably safe, and
> Second, defendant knew or by using ordinary care could have known of this condition, and
> Third, defendant failed to use ordinary care in the maintenance or operation of the overhead crane, and
> Fourth, as a direct result of such failure, plaintiff Walter Douglas sustained damage.
>
> Unless you believe plaintiff is not entitled to recover by reason of Instruction Number 9.

Defendant proffered Instruction No. 9, an affirmative converse instruction, which provided: "Your verdict must be for defendant if you believe that the overhead crane did not hit the plaintiff on August 31, 2010." Plaintiff's counsel objected to Instruction No. 9 on the grounds that "it is not an MAI instruction and [I] don't believe it's proper." Defense counsel requested a more specific objection, stating, "I'm not sure what the objection is, it's not proper. I mean, if there's some objection to the wording of the instruction, I'd like to know, because I could possibly change it. I think it's supported by the case law." Plaintiff's counsel replied:

> I don't believe that it's supported by the case law. I believe that it's not an MAI instruction. I believe that there is no evidence that the spreader bar or overhead crane didn't come into contact with the plaintiff. There's been no evidence of that in this case. And for that reason I believe it's improper.

4

The trial court agreed with defense counsel that affirmative converse instructions "are allowable in certain situations" and overruled Plaintiff's objection. The trial court submitted Instructions Nos. 8 and 9 to the jury.[3]

The jury returned a verdict in favor of Defendant. Plaintiff appeals.

### *Standard of Review*

We review claims of instructional error *de novo*. Howard v. City of Kansas City, 332 S.W.3d 772, 790 (Mo. banc 2011). When reviewing a claimed instructional error, we view the evidence most favorably to the instruction and disregard contrary evidence. Walton v. City of Seneca, 420 S.W.3d 640, 644 (Mo.App.S.D. 2013). We will reverse the verdict "only if the party claiming instructional error establishes that the instruction at issue misdirected, misled, or confused the jury, resulting in prejudicial error." Howard, 332 S.W.3d at 790.

### *Discussion*

In his sole point on appeal, Plaintiff claims the trial court erred in submitting Defendant's affirmative converse instruction "that mandated a defense verdict if the jury believed the overhead crane did not hit Plaintiff on August 31, 2010 . . . ." More specifically, Movant contends Instruction No. 9 was improper because it: (1) was unsupported by the facts and law and "confused the issue of causation"; (2) failed to hypothesize an ultimate issue that, if true, would defeat Plaintiff's claim; and (3) failed to accurately converse Plaintiff's verdict director and contained new argument not supported by the evidence. Plaintiff further alleges that the trial court erred in submitting Instruction No. 9 because "Defendant failed to show independent evidence which supported the affirmative converse instruction that the overhead crane did not hit

---

[3] During deliberations, the jury sent the trial court the following jury request: "If we find in agreement with No. 9 can we still award the Plaintiff a sum?" The trial court replied, "Please be guided by the Instructions and Verdict Forms the Court has already given you."

Plaintiff, and thereby the jury was misled to believe they could only find for Plaintiff if the actual crane had struck Plaintiff . . . ." In response, Defendant asserts that Plaintiff's objections to Instruction No. 9 at trial failed to preserve the issues he now raises on appeal. Defendant further argues that, even if Plaintiff preserved his claim that the affirmative converse instruction was not supported by the evidence, the trial court did not err in submitting Instruction No. 9 because "there was independent evidence to support its submission and no indication of prejudice."[4]

There is no dispute that Instruction No. 9 is an affirmative converse instruction. "[An] affirmative converse instruction begins, 'Your verdict must be for the defendant if you believe . . .' and it requires independent evidence for support." Hiers v. Lemley, 834 S.W.2d 729, 734 (Mo. banc 1992) (quoting MAI 33.01). "In a negligence case, an affirmative converse instruction presents a hypothetical ultimate issue which, if true, renders it impossible for the jury to find the defendant negligent as a matter of law." Blackstock v. Kohn, 994 S.W.2d 947, 951 (Mo. banc 1999). "Although not favored, an affirmative converse instruction is appropriate where the verdict director assumes as true or omits a disputed ultimate issue." Id. (citing Hiers, 834 S.W.2d at 735).[5]

---

[4] Defendant also contends that Plaintiff's point relied on violates Rule 84.04(d) and therefore preserves nothing for review. Although Plaintiff's point relied on does not satisfy all the requirements of Rule 84.04(d), "this court may exercise its discretion to consider a deficient point if the issue the point intended to raise can be identified and addressed on its merits." Daniel v. Indiana Mills & Mfg., Inc., 103 S.W.3d 302, 307 (Mo.App.S.D. 2003). Defendant appears to have been able to glean the basis for the claimed error and respond to that claim. This court can likewise discern the basis for the claimed error. We therefore consider on its merits the issue to which Plaintiff's point relied on is directed.

[5] We note that, while an affirmative converse instruction is approved by the MAI and may be appropriate in limited situations, "its use is fraught with peril." Walton v. City of Seneca, 420 S.W.3d 640, 650 n.11 (Mo.App.S.D. 2013) (citing Hiers, 834 S.W.2d at 735). This is because the affirmative converse "tends to resemble a prohibited sole cause instruction, it often is a resubmission of the issues found in the verdict director, and it tends to mislead the jury." Jone v. Coleman Corp., 183 S.W.3d 600, 605 (Mo.App.E.D. 2005) (citing Hiers, 834 S.W.2d at 735–36).

As an initial matter, we address Defendant's assertion that Plaintiff's objection to Instruction No. 9 was not specific and therefore preserved nothing for review. Rule 70.03 provides: "Counsel shall make specific objections to instructions considered erroneous. No party may assign as error the giving or failure to give instructions unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Accordingly, to preserve a claim of instructional error, a party "must make *specific* objections to the giving or failure to give instructions before the jury retires to consider its verdict [and] the objections and grounds therefore must be stated *distinctly* on the record, and the objections must also be raised in the motion for new trial." Berra v. Danter, 299 S.W.3d 690, 702 (Mo.App.E.D. 2009) (emphasis in original) (quotation omitted). In addition, "[a] point on appeal must be based upon the theory voiced in the objection at trial[,] and an appellant cannot expand or change on appeal the objection as made." Kline v. City of Kansas City, 334 S.W.3d 632, 647 (Mo.App.W.D. 2011) (quotation omitted). "[W]e will not convict a trial court of error on an issue that it had no chance to decide." Goralnik v. United Fire & Cas. Co., 240 S.W.3d 203, 210 (Mo.App.E.D. 2007).

The only objection to Instruction No. 9 that Plaintiff made at trial, reasserted in his motion for new trial, and included in his point relied on was that "there is no evidence that the spreader bar or overhead crane didn't come into contact with the plaintiff." Construing this objection most broadly, we deem preserved Movant's claim that Defendant presented no evidence to support the affirmative converse instruction that the overhead crane did not hit Plaintiff. To the extent that Plaintiff alleges on appeal errors that he did not raise in his objections to the trial court, those errors are not preserved on appeal. See Goralnik, 240 S.W.3d at 210. Although errors not preserved on appeal may be reviewed for plain error at the

7

appellate's court discretion, appellate courts seldom grant plain error review in civil cases, and we decline to do so here. See id.

In considering whether the evidence supported Defendant's affirmative converse instruction, "we view all the evidence in the light most favorable to the party offering the instruction, and give that party the benefit of all favorable inferences reasonably drawn therefrom and disregard evidence to the contrary." Maxwell v. City of Hayti, 985 S.W.2d 920, 922 (Mo.App.S.D. 1999). Here, Defendant adduced on cross-examination testimony from several of its employees that, after the crane failure, Plaintiff neither stated that he had been hit nor appeared injured. Defendant also introduced evidence that immediately after the incident Plaintiff told his dispatcher that "it almost hit him," and then secured the loads of steel to his truck, and drove approximately 100 miles. Finally, Defendant presented the expert testimony of Dr. Rende who stated that Plaintiff's injury was likely not caused by a "glancing blow, as they describe." Viewing the evidence in the light most favorable to Defendant and giving Defendant the benefit of all reasonable inferences, we conclude that Defendant presented sufficient evidence to support the affirmative converse instruction. See, e.g., Maxwell, 985 S.W.2d at 923. Point denied.

### Conclusion

The judgment of the trial court is affirmed.

_____
Patricia L. Cohen, Judge


Lisa S. Van Amburg, P.J., and
Philip M. Hess, J., concur.