

# Missouri Court of Appeals

### Southern District

#### In Division

| | |
|---|---|
| DANIELLE (ROLLINS) EADS,<br><br>Appellant,<br><br>vs.<br><br>TAYLOR AUTOMOTIVE GROUP, LLC,<br>D/B/A TAYLOR CHRYSLER DODGE<br>JEEP RAM and TIMOTHY J. TAYLOR,<br><br>Respondents. | No. SD37808<br><br>FILED: January 16, 2024 |

#### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Kenneth G. Clayton, Judge

**AFFIRMED**

Danielle Eads ("Eads") appeals the decision of the Circuit Court entering judgment, after a jury trial, in favor of Taylor Automotive Group, LLC, ("Taylor Automotive") on Eads' claims of breach of contract, fraud in the inducement, and alleged violations of the Missouri Merchandising Practices Act ("MMPA").[1] Eads raises three points on appeal: (1) the trial court erred in giving an edited instruction which added an extra element to the cause of action, (2) the trial court abused its discretion in excluding from evidence an investigative report from the Missouri Department of Revenue ("DOR"), and (3) the trial court abused its discretion in

---

[1] All rule references are to Missouri Court Rules (2022).

refusing to publish to the jury an exhibit which included a manual detailing rules and procedures Taylor Automotive was required to follow. Finding no merit in Eads' points, we affirm the trial court's judgment.[2]

## Factual Background and Procedural History

In May 2019, Eads entered into an agreement with Taylor Automotive to purchase a 2015 Jeep Wrangler ("Jeep"), trading in her 2014 Lincoln MKX ("Lincoln"). Taylor Automotive prepared an Application for Missouri Title which required a certificate of title, but Taylor Automotive did not give the certificate of title to Eads when she bought the Jeep. When Eads asked Taylor Automotive about the missing certificate of title, she was told it was "in the mail." Eads made repeated telephone calls regarding the status of the title and was always told, "I'm working on it." Eads was able to transfer her license plates from her Lincoln to the Jeep, but when the plates expired thirty days later, Taylor Automotive placed its dealer plate on the Jeep. The DOR, through an investigator named Andrew Delleart, then contacted Taylor Automotive and was told that they were "working on" acquiring title. Delleart advised Taylor Automotive they "better get [Eads] the title or offer [Eads] her money back." Taylor Automotive did not acquire the certificate of title to the Jeep until December 2019, at which time Taylor Automotive

---

[2] Taylor Automotive asserts Eads failed to preserve her appeal due to numerous violations of Rule 84.04 in her brief. In support of its assertion, Taylor Automotive directs our attention to several brief violations, which include the absence of a proper jurisdictional statement, a statement of facts which includes improper legal argument, the absence of a list of cases and other authority upon which Eads relies in any of her Points Relied On, the omission of most record citations in the argument section, and Eads' failure to include in the appendix the materials required by Rule 84.04(h). "Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). Although "Rule 84.04's requirements are mandatory," *see Fowler v. Mo. Sheriffs' Ret. Sys.*, 623 S.W.3d 578, 583 (Mo. banc 2021), "[i]n recognition that the purpose of the Rules is not served if they are applied in an overly technical manner, this Court has opted to review noncompliant briefs when minor shortcomings did not impair our ability to understand the arguments." *Jefferson v. Missouri Dept. of Soc. Servs.*, 648 S.W.3d 50, 52 (Mo.App. 2022). "Our preference is to decide an appeal on the merits where disposition is not hampered by rule violations and the argument is readily understandable." *Murphree v. Lakeshore Estates, LLC*, 636 S.W.3d 622, 624 (Mo.App. 2021). Eads' brief violations, while numerous, do not impair our ability to readily understand her arguments. We exercise our discretion to review Points I and II *ex gratia*.

2

had already sold the Lincoln.

Eads filed a four count Petition against Taylor Automotive alleging breach of contract, conversion, fraud in the inducement, and unlawful business practice in violation of Sections 407.025 and 407.020.[3] Although the record is silent, the parties report and agree the trial court dismissed Count II, for conversion, prior to trial. The trial court granted Taylor Automotive's motion in limine to exclude evidence of an investigative report created by Delleart containing his conclusions and opinions regarding Taylor Automotive's wrongdoing.

At trial, Delleart testified he initially contacted Taylor Automotive and told them he "was there in reference to a complaint about them selling [Eads] a vehicle and not delivering her a title, and then also a dealer plate violation." During his testimony, he identified several exhibits, which included a Vehicle and Marinecraft Titling Manual and a Missouri Dealer Operating Manual. He further testified both of those manuals were in effect at the time the Jeep was sold. Eads' trial counsel moved to admit both manuals, which were marked Exhibit 11-A and 12-A, respectively. After opposing counsel objected by asserting that the manuals contained statutes which should not be shown to the jury, the trial court noted that "if it is requested by the jury to be given to them in deliberation, I'm not inclined to grant that," and both exhibits were admitted into evidence.

Eads also made an offer of proof regarding Delleart's investigative report. During the offer of proof, Delleart testified that during the investigation DOR determined that Taylor Automotive failed to deliver title at the time of sale and misused dealer plates in violation of Sections 301.210 and 301.560.7. After Delleart's offer of proof testimony, Eads' trial counsel

---

[3] All statutory references are to RSMo 2016.

marked the investigative report as Exhibit 801 and sought to admit it "for the offer of proof

purposes." The following discussion occurred between the trial court and Eads' trial counsel:

> The Court: Exhibit 801 is admitted for purposes of the offer of proof only. It is not an exhibit that will be returned -- or given to the jury if they request exhibits. All right.
> Trial Counsel: Well, Judge, I would wait for you to -- when we get up to that bridge, not pre-ruling --
> The Court: Well, I believe at this point that's going to be the ruling. If you can change my mind, I suppose that will -- will -- we'll cross that when we get to it. But at this point it's only been offered as part of the offer of proof; correct, [trial counsel]?
> Trial Counsel: Yes.

Eads never sought to admit Exhibit 801 into evidence at trial for purposes other than the offer of

proof with Delleart.

During the jury instruction conference, Eads' trial counsel initially stated he had no

objection to Jury Instruction 18, the verdict directing instruction based on MAI 39.02 for the

MMPA claim. Eads' trial counsel later asserted that he had originally submitted an instruction

that was denied by the trial court off the record. He stated that off the record, "the first objection

was as to the definition below that the Court is not allowing me to submit." He then stated that

the trial court did not allow him to put in "all the elements mentioned in the comments to Rule

39.02," but instead restricted Eads to two of them. He did not include any further detail or

argument building on his objection at the instruction conference. The trial court noted that Eads'

trial counsel did submit a different version of MAI 39.02 and the trial court modified the first

paragraph. The trial court permitted Eads' trial counsel to file an unedited written instruction

and mark it as Exhibit 900, but that instruction was not submitted to the jury.

In jury deliberations, the jury requested a copy of Exhibit 11-A. The trial court stated:

The Court: Well, I've been very careful not to provide them with statutory provisions or references so that they would be guided by the law as set forth in the instructions. I think that sending these items -- even though they are in evidence, sending these items back to

4

the jury gives them the ability to find all of the things that we've been very careful not to present to them as irrelevant.

The trial court informed the jury that they were to be guided by the evidence as presented to them during the trial.

The jury found in favor of Taylor Automotive on all claims. The trial court entered judgment in accordance with the jury's verdicts in favor of Taylor Automotive. Eads filed a motion for new trial in which Eads stated "[t]he trial court erred, as a matter of law, in denying [J]ury Instruction 900," but did not indicate how or why the trial court erred. The trial court denied Eads' motion for new trial. Eads appealed.

## Discussion

### *Point One*

Eads asserts the trial court erred as a matter of law in giving Jury Instruction 18 because the edited version given by the court does not accurately state the law, as the MMPA includes several ways to prove unlawful conduct and the trial court edited the language from the MAI pattern instruction so that it added an extra element to the action.

However, we cannot reach the merits of Eads' point unless it is properly preserved for appellate review. "Counsel shall make specific objections to instructions considered erroneous." Rule 70.03. "'No party may assign as error the giving or failure to give instructions unless that party objects thereto on the record during the instructions conference, stating distinctly the matter objected to and the grounds of the objection.'" ***Penzel Construction Co., Inc., v. Jackson R-2 Sch. Dist.***, 635 S.W.3d 109, 127 (Mo.App. 2021) (quoting Rule 70.03). "'The same objection must also be raised in the motion for a new trial.'" ***Holmes v. Kansas City Pub. Sch. Dist.***, 571 S.W.3d 602, 615 (Mo.App. 2018) (quoting ***Carroll v. Kelsey***, 234 S.W.3d 559, 562 (Mo.App. 2007)). "To preserve a claim of instructional error the objection must be specific and made

"'before the jury retires to consider its verdict[.]'" ***Penzel,*** 635 S.W.3d at 127 (quoting ***Douglas v. St. Louis Cold Drawn, Inc.***, 439 S.W.3d 775, 780 (Mo.App. 2014)). "[A] point on appeal must be based upon the theory voiced in the objection at trial, and an appellant cannot expand or change on appeal the objection as made." ***Id***. "[A] simple objection on the basis that the instruction fails to state the applicable law or fails to contain all of the necessary elements of a cause of action, standing alone, is considered a general objection, preserving nothing for appellate review." ***Gurley v. Montgomery First Nat. Bank, N.A.***, 160 S.W.3d 863, 869 (Mo.App. 2005). "The trial court has no obligation to ferret out specificity, which a party chooses not to distinctly articulate in its objection, in order to make an informed ruling on a general objection." ***Migone v. Missouri Dept. of Corrs.***, 546 S.W.3d 23, 34 (Mo.App. 2018) (internal quotation marks omitted).

At trial, Eads' trial counsel asserted that he had originally submitted an instruction which the trial court denied off the record. He stated that off the record, "the first objection was as to the definition below that the Court is not allowing me to submit" but did not include any further detail or argument building on his objection at the instruction conference. He then stated that the trial court did not allow him to put in "all the elements mentioned in the comments to Rule 39.02," but instead restricted Eads to two of them. But on appeal, Eads now asserts the trial court erred in including the words "by false promise or omission" in Jury Instruction 18, which was submitted to the jury, and claims specifically that by doing so, the trial court "severely edited MAI 39.02 to add an element of the law not required" by the MMPA. Eads did not specifically and distinctly indicate the basis of her objection at trial, but on appeal now includes specificity and detail in her objection which are not reflected in the record. Eads' trial objection amounts to a general objection asserting the instruction failed to state the applicable law or failed

6

to contain all of the necessary elements of the cause of action. To the extent additional discussion occurred between Eads' trial counsel and the trial court off the record, "[t]his Court only considers the record made before the [trial] court. We cannot consider matters extraneous to the record." ***Chatman v. Chatman***, 673 S.W.3d 528, 531 (Mo.App. 2023) (internal citation omitted). "An error is not preserved for appellate review when the party renews on the record an objection made in chambers but fails to make a record of the legal basis of the objection." ***Wilson v. City of Kansas City***, 598 S.W.3d 888, 894 (Mo. banc 2020). With regard to Eads' motion for new trial, "[g]eneral allegations of error not based upon specific objection or requests made during trial are insufficient to preserve the allegations for review; nor may deficiencies in the motion be supplied from the movant's brief on appeal." ***Smith v. Brown & Williamson Tobacco Corp.***, 410 S.W.3d 623, 640 (Mo. banc 2013). Eads' objection, without specificity, preserves nothing for appellate review.

Point one is denied.

### *Point Two*

Eads asserts the trial court abused its discretion by sustaining Taylor Automotive's motion in limine excluding Delleart's investigative report from evidence and denying Eads' request at trial to admit the report into evidence because the report contained Taylor Automotive's admission of several elements of Eads' claims.[4]

"Although we generally review a [trial] court's ruling to either admit or exclude evidence for an abuse of discretion*," see **State v. Yoakum***, 668 S.W.3d 327, 330 (Mo.App. 2023), "[a] motion in limine, by itself, preserves nothing for appellate review." ***Stewart v. Partamian***, 465

---

[4] Taylor Automotive asserts that since Eads only referred to "Exhibit 701-A" or "Exhibit 710-A" and did not refer to Exhibit 801, and neither exhibit referred to was even mentioned in the trial record or Eads' list of exhibits, Eads' second point is unpreserved. However, in her second point Eads specifically refers to Delleart's investigative report, which was included in Exhibit 801. A mere clerical error does not impede our review.

S.W.3d 51, 55 (Mo. banc 2015). "A ruling on a motion in limine 'is interlocutory only and is subject to change during the course of the trial.'" ***Rhoden v. Missouri Delta Medical Center***, 621 S.W.3d. 469, 484 (Mo. banc 2021) (quoting ***Smith v. Brown & Williamson Tobacco Corp.***, 410 S.W.3d 623, 636 (Mo. banc 2013)). Any claims of error in granting or denying a motion in limine are not preserved for appellate review unless the "proponent of the evidence . . . attempt[s] to present the excluded evidence at trial, and if an objection to the proposed evidence is raised and sustained, the proponent must then make an offer of proof." ***State v. Marshall***, 131 S.W.3d 375, 377 (Mo.App. 2004).

Eads' offer of proof seeking to admit Delleart's investigative report did not preserve the matter for appellate review. "'The purpose of an offer of proof is twofold: [1] to educate the trial judge on the admissibility of the evidence with the hope that he or she will reconsider; and [2] to preserve the issue for appellate review.'" ***Payne v. Fiesta Corporation***, 543 S.W.3d 109, 122 (Mo.App. 2018) (quoting ***Bradley v. State***, 440 S.W.3d 546, 556 (Mo.App. 2014)). "An offer of proof is made *after* an unfavorable ruling, and 'must specifically show: (1) what the proffered evidence would be; (2) its object and purpose; and (3) all the facts necessary to establish its relevance and admissibility.'" ***State v. Prine***, 456 S.W.3d 876, 882 (Mo.App. 2015) (quoting ***Calzaretta v. Willard***, 391 S.W.3d 488, 493 (Mo.App. 2013) (internal citation omitted). "[T]o preserve a claim of trial court error with respect to the exclusion of evidence, the proponent of that evidence must *both* attempt to present the evidence at trial and then make an offer of proof if that evidence remains excluded." ***Brummett v. Burberry Limited***, 597 S.W.3d 295, 308 n. 10 (Mo.App. 2019) (citing ***Payne,*** 543 S.W.3d at 122) (emphasis added).

At trial, Eads' trial counsel marked the investigative report as Exhibit 801 and sought to admit it "for the offer of proof purposes." The trial court admitted Exhibit 801 only for offer of

8

proof purposes, expressly stated that Exhibit 801 "would not be an exhibit that would be returned" or given to the jury, and told Eads' trial counsel "if you can change my mind, I suppose that will -- will -- we'll cross that when we get to it." Despite this, Eads' trial counsel did not seek to admit Exhibit 801 into evidence at any point during the trial. For an offer of proof to preserve the exclusion of evidence for appellate review, there must be an unfavorable ruling by the trial court during trial after the proponent attempts to admit the exhibit into evidence. Because Eads' trial counsel did not move to admit Exhibit 801 into evidence, his offer of proof preserves nothing for appellate review.

Point two is denied.

### *Point Three*

Eads asserts the trial court abused its discretion in refusing to publish Exhibit 11-A to the jury because the training manual set out the rules and procedures that Taylor Automotive was required to follow and the jury requested to view the exhibit.

Yet we cannot reach the merits of a point which has been abandoned on appeal. "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Tavacoli v. Div. of Emp. Sec.*, 261 S.W.3d 708, 710 (Mo.App. 2008) (internal quotation marks omitted). The argument must "explain why, in the context of the case, the law supports the claim of reversible error" and "should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case." *Johnson v. Buffalo Lodging Assoc.*, 300 S.W.3d 580, 582 (Mo.App. 2009). "[A]n appellant is obligated to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations." *Pearson v. Keystone Temp. Assignment Grp., Inc.*, 588 S.W.3d 546, 551-552 (Mo.App. 2019)

9

(citing ***Thummel v. King***, 570 S.W.2d 679, 687 (Mo. banc 1978)). "The failure to cite relevant authority or explain its absence justifies a conclusion that the point is abandoned." ***Buchholz v. Buchholz***, 166 S.W.3d 146, 160 (Mo.App. 2005).

In her third point, Eads asserts "[h]ad the jury been allowed to examine Exhibit 11-A, the jury likely could have, and likely would have, reached a different result." But she directs our attention to no legal authority in support of this assertion and does not expound upon how permitting the jury to see the exhibit would have changed the result beyond stating that "Exhibit 11-A was offered and admitted at trial to prove what Defendants were required to do at the time of the sale of the vehicle." The only legal citation in her entire argument section on this point is a reference to the abuse of discretion standard under which the point is reviewed. She does not elaborate or build upon her general conclusions and does not explain the reason for the absence of legal authority in her argument section. Eads has not developed "the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case," *see **Johnson***, 300 S.W.3d at 582, because there are no principles of law cited. "We cannot become advocates for an appellant by speculating about facts and arguments that have not been made." ***Pearson***, 588 S.W.3d at 552. Accordingly, we deem Eads' third point abandoned on appeal.

Point three is denied.

### Decision

The trial court's judgment is affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J.  – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

10